**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Frankie Otis ERWIN, Defendant–
Appellant.**

No. 01–5221.

United States Court of Appeals,
Tenth Circuit.

Aug. 21, 2002.

Submitted on the briefs: David E. O'Meilia, United States Attorney; Neal B. Kirkpatrick, Assistant United States Attorney, Tulsa, OK, for Plaintiff–Appellee.

Paul D. Brunton, Federal Public Defender; Jack Schisler, Assistant Federal Public Defender, Tulsa, OK, for Defendant–Appellant.

Before KELLY, McKAY, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge.

## I. INTRODUCTION[1]

Frankie Otis Erwin was convicted on one charge of possessing ammunition with a previous felony conviction, in violation of 18 U.S.C. § 922(g). The district court sentenced him to fifteen months' imprisonment and three years of supervised release. The district court imposed a special condition on Erwin's supervised release: during the term of the release Erwin is prohibited from engaging in commercial fishing. Erwin appeals the imposition of this special condition. We have jurisdiction to review Erwin's sentence under 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291. We **remand** to the district court to vacate the special condition and resentence Erwin in a manner consistent with this opinion.

## II. FACTS

In 2001, agents of the United States Fish and Wildlife service received a tip from a confidential informant that Erwin had recently relocated to Oklahoma and was netting paddlefish for commercial purposes. Paddlefish, *Polyodon spathula,* are a species of fish found in the Mississippi River and its tributaries. The roe from paddlefish can be made into caviar. On

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

March 23, 2001, game wardens saw Erwin "snag fishing" on a lake in Oklahoma. The next morning, agents observed him loading several ice chests into his truck. He then traveled toward the Arkansas state line. After crossing the state line, game wardens, with the assistance of local law enforcement, stopped Erwin. He consented to a search of the ice chests in the back of the truck. The officers found 30.25 pounds of processed paddlefish roe and 50.5 pounds of unprocessed roe. Erwin was arrested, and police seized his truck. During an inventory search of the vehicle, police found one round of rifle ammunition and forty-four shotgun shells.

Erwin was indicted on one count of transporting, in interstate commerce, roe from the paddlefish taken in violation of Oklahoma law. *See* 16 U.S.C. § 3372(a)(2)(A). He was also indicted on one count of possessing, as a convicted felon, ammunition. *See* 18 U.S.C. § 922(g). Pursuant to a plea agreement, Erwin pleaded guilty to the § 922(g) violation and the government dropped the fish transportation charge.

The district court sentenced Erwin to fifteen months' imprisonment and three years' supervised release. The court imposed the following condition on Erwin's supervised release:

> While on supervised release, the defendant is prohibited from commercial fishing. This court will consider a modification of this order once he has demonstrated his compliance with all state fishing laws and the U.S. Probation Office has requested such modification in an appropriate Petition.

On appeal, Erwin only challenges the imposition of this special condition.

## III. DISCUSSION

██ The district court generally enjoys broad discretion in setting a condition of supervised release. *See United States v. Edgin,* 92 F.3d 1044, 1048 (10th Cir.1996).

That discretion is guided by United States Sentencing Guidelines sec. 5F1.5 when it imposes occupational restrictions. Section 5F1.5(a) authorizes a sentencing court to impose an occupational restriction only if it first determines that

(1) a reasonably direct relationship existed between the defendant's occupation ... and the conduct relevant to the offense of conviction; and

(2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted.

U.S.S.G. § 5F1.5(a). The Sentencing Guidelines also require that an occupational restriction should be imposed "for the minimum time and to the minimum extent necessary to protect the public." *Id.* § 5F1.5(b).

██ We agree with Erwin that the district court abused its discretion in imposing the prohibition on commercial fishing. Before such a prohibition is imposed, the district court is required to determine that without the prohibition Erwin will continue to engage in criminal conduct similar to that for which he was convicted, *i.e.,* illegal possession of ammunition. *See* U.S.S.G. § 5F1.5(a)(2); *see also* 18 U.S.C. § 3563(b)(5) (providing that sentencing court may impose occupational restriction only if the occupation "bear[s] a reasonably direct relationship *to the conduct constituting the offense* " (emphasis added)). The plain wording of the guideline dictates that there be a connection between an occupational restriction and the conduct for which the defendant was convicted. *See, e.g., United States v. Cutler,* 58 F.3d 825, 839 (2d Cir.1995) (prohibition on practicing in court warranted when attorney

convicted of contempt continued to flagrantly disregard court orders). The district court, however, did not demonstrate that *any* relationship existed between commercial fishing and unlawful conduct similar to possession of ammunition. *Cf. United States v. Choate,* 101 F.3d 562, 566 (8th Cir.1996) (upholding ban on self-employment when record revealed that defendant's previous businesses involved fraud similar to offense for which defendant convicted).

The Second Circuit dealt with a similar situation in *United States v. Peterson,* 248 F.3d 79, 83–84 (2d Cir.2001) (per curiam). In *Peterson,* the defendant was convicted of bank larceny through the use of bad checks. *See id.* at 81. Upon learning that the defendant had a previous criminal conviction for incest, the district court imposed several restrictions on his use of the Internet and computers which amounted to an occupational restriction. *See id.* at 81, 83. Relying on U.S.S.G. § 5F1.5(a)(2), the Second Circuit held that the conditions were invalid because they would not deter conduct similar to bank larceny through the use of bad checks. *See id.* at 83–84. Similarly, the record in this case does not establish that prohibiting Erwin from fishing commercially is reasonably necessary to protect the public from conduct similar to that for which he was convicted, possession of ammunition. The restriction cannot, therefore, be sustained.

## IV. CONCLUSION

We **REMAND** to the district court. On remand, the district court should vacate imposition of the special condition and resentence Erwin in a manner consistent with this opinion.