**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Randall Wilson BRITT, Defendant–
Appellant.**

**No. 02–10306.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 14, 2003.

Filed June 19, 2003.

Eric V. Kersten, Assistant Federal Public Defender, Fresno, CA, for the defendant-appellant.

Virna L. Santos, Assistant United States Attorney, Fresno, CA, for the plaintiff-appellee.

Before NOONAN, TASHIMA, and WARDLAW, Circuit Judges.

TASHIMA, Circuit Judge.

Randall Britt appeals the district court's imposition of an occupational restriction as a term of his supervised release. We have jurisdiction under 28 U.S.C. § 2253 and vacate his sentence.

Britt pled guilty to conspiracy to distribute methamphetamine in the District of South Carolina and was sentenced to 60 months' imprisonment and four years' supervised release. After commencement of Britt's supervised release, supervision was transferred to the Eastern District of California.

While still on release, Britt was arrested in Contra Costa County for boating under the influence of alcohol. Britt was charged with violating the terms of his supervised release by leaving the county without permission and for violating section 655(c) of the California Harbors and

Navigation Code by boating under the influence of alcohol. He admitted these violations.

For the dispositional hearing, the probation officer submitted a "Dispositional Memorandum" ("Memorandum") which described Britt's substantial criminal history, including convictions for conspiracy to possess counterfeit Federal Reserves Notes, conspiracy to possess stolen goods, and possession of goods stolen from interstate commerce. The Memorandum recommended that Britt be sentenced to six-months' imprisonment and that nine new special conditions be added to the terms of his supervised release. Britt objected to, *inter alia,* two conditions that he claimed were improper under U.S.S.G. § 5F1.5.

The district court sentenced Britt to six months in custody at a residential community correction center. With understandable concern, the court also imposed the two special conditions that Britt now challenges:

8. The defendant shall provide all business/ personal phone records to the probation officer upon request. Further, the defendant shall provide the probation officer written authorization to request a record of all outgoing or incoming phone calls from any service provider.

9. If the defendant's employment involves the collection of personal financial information form (sic) clients/customers, the offender shall notify the clients/customers of third party risks in a manner approved by the probation officer.

Britt currently runs a concern called "Credit Financial Planning, Inc.," which holds itself out as a "credit repair" business. Britt is necessarily given access to the personal financial information of his debt-plagued customers. Presumably, they would be less likely to trust him with this information if informed of the crimes the above conditions would compel him to disclose. The form prepared by the probation officer to inform Britt's customers of third-party risk issues states that Britt was convicted of two counts of burglary in 1976 and 1977, a count of conspiracy to possess counterfeit Federal Reserve Notes in 1977, and two counts of conspiracy to possess goods stolen from interstate commerce in 1991. The form does not mention the current offense for which Britt is on supervised release, conspiracy to distribute methamphetamine.[1]

### Analysis

Britt contends that conditions 8 and 9 do not meet the requirements for occupational restrictions under § 5F1.5 because his occupation is not sufficiently related to the conduct of his offense of conviction and the conditions are more than is reasonably necessary to protect the public. A district court's decision to impose a condition of supervised release is reviewed for an abuse of discretion. *United States v. Lakatos,* 241 F.3d 690, 692 (9th Cir.2001).

■ Section 5F1.5 provides that a district court may impose a condition of supervised release "prohibiting the defendant from engaging in a specified occupation, business, or profession, or limiting the terms on which the defendant may do so," only if the court first determines that:

(1) a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction; and

(2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe

---

1. The district court stayed the challenged conditions pending appeal.

that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted.

U.S.S.G. § F1.5(a). Only if the court determines that the defendant's occupation is related to the offense of conviction can occupational restrictions be imposed. *See United States v. Erwin,* 299 F.3d 1230, 1232–33 (10th Cir.2002); *United States v. Peterson,* 248 F.3d 79, 85–86 (2d Cir.2001); *United States v. Clark,* 195 F.3d 446, 452 (9th Cir.1999). If the court decides to impose an occupational restriction, it can only impose the restriction "for the minimum time and to the minimum extent necessary to protect the public." U.S.S.G. § 5F1.1(b).

### The Conditions are Occupational Restrictions

■ The government first argues that conditions 8 and 9 are not occupational restrictions because they do not prevent Britt from working as a credit counselor. This argument ignores the text of § 5F1.5. Section 5F1.5 applies, not only when a defendant is absolutely prohibited from working in a particular field, but also to conditions that "limit[ ] the terms on which the defendant" may engage in a specified occupation. U.S.S.G. § 5F1.5. Condition 9 expressly limits the terms on which Britt can engage in a profession that "involves the collection of personal financial information," requiring him to report his convictions to his clients. Other courts have found similar conditions to be occupational restrictions under § 5F1.5. *Peterson,* 248 F.3d at 85–86 (treating condition that required defendant to report incest conviction to his employer as an occupational restriction); *United States v. Doe,* 79 F.3d 1309, 1322 (2d Cir.1996) (treating a condition that required defendant to report his conviction to his clients as long as he worked in tax preparation as an occupa-

tional restriction). Condition 9 is an occupational restriction.

■ The government concedes that condition 8 was imposed to allow Britt's probation officer to "verify [Britt's] compliance" with condition 9. To the extent that condition 8 is used to enforce condition 9, it is an occupational restriction that must meet the requirements of § 5F1.5.

The government also argues that conditions 8 and 9 do not need to meet the requirements of § 5F1.5 because they are merely more specific variations of a standard condition of supervised release that requires the defendant to notify any third parties, whether or not they are related to his occupation, that may be put at risk by the defendant's criminal history. Whatever the merits of such a requirement outside the context of a defendant's occupation, it is clear that when a defendant is required to notify his clients of his criminal history, he is being subjected to an occupational restriction that must meet the requirements of § 5F1.5. The fact that similar notification requirements can be imposed on defendants outside the workplace does not change the fact that the guidelines place stricter limits on conditions related to a defendant's employment. To the extent that notification requirements are enforced as a condition of a defendant's employment, they must comply with § 5F1.5. *See Peterson,* 248 F.3d at 85–86; *United States v. Doe,* 79 F.3d at 1322–23.

### Britt's Occupation is Not Reasonably Related to Offense of Conviction

■ Britt argues that his occupation, credit counselor, is not reasonably related to the conduct relevant to the offense of conviction, as required by § 5F1.5. We agree. Britt was convicted of conspiracy to possess methamphetamine. There is no apparent relationship between that conviction and the "credit repair" business in

which he is currently engaged. The government does not suggest that his occupation will allow him to resume participation in the drug trade. Similarly, his supervised release violation, leaving the county and operating a boat while intoxicated, is also unrelated to the credit repair business.

There is no reason to believe that allowing him to run this business would allow Britt to "continue to engage in unlawful conduct similar to that for which [he] was convicted." U.S.S.G. § 5F1.5(a)(2). In fact, the third-party risk notification prepared by the probation officer does not even include the offense of conviction. It lists only Britt's prior convictions. This is a strong indication that the restrictions were not based on the offense of conviction, but rather on Britt's criminal history. Although supervised release conditions can generally be based on a defendant's criminal history, 18 U.S.C. § 3553(a)(1), § 5F1.5 limits occupational restrictions to those based on the offense of conviction. *See Erwin*, 299 F.3d at 1232–33 (reversing occupational restriction based on conduct other than that for which the defendant was convicted); *Peterson*, 248 F.3d at 85–86 (reversing occupational restriction that required defendant to notify employer of criminal behavior other than offense of conviction).

The government argues that Britt's business is related to conduct relevant to his current offense of conviction because, according to the presentence report ("PSR") prepared for his sentencing in the underlying methamphetamine conviction, Britt prepared false identification for another member of the conspiracy. The government claims that Britt's business would allow him to engage in further acts of identity theft and fraud.

The problem with this argument is that the PSR, which was prepared for sentencing in the District of South Carolina, was never presented to the district court for the Eastern District of California, which was responsible for sentencing Britt for his violation of the terms of his supervised release. In fact, the district court expressly stated that it based its disposition on the Memorandum, prepared by the local probation officer. The Memorandum does not include any information regarding the preparation of false identifications by Britt. Therefore, the district court could not have found that the occupational restrictions were related to the methamphetamine conviction based on this information. Because the Memorandum provides no basis for a finding that the conditions are reasonably related to the offense of conviction, the imposition of conditions 8 and 9 was an abuse of discretion.

On remand, the government is free to present the evidence found in the PSR to the district court. *See United States v. Matthews*, 278 F.3d 880, 885–86 (9th Cir.) (en banc) (holding that, as a general matter, on a remand for resentencing, the district court may consider new evidence), *cert. denied*, 535 U.S. 1120, 122 S.Ct. 2345, 153 L.Ed.2d 173 (2002). We intimate no view of whether the evidence in the PSR is sufficient to justify any occupational restriction under § 5F1.5.[2]

## CONCLUSION

Britt's sentence for violation of his supervised release is vacated and the case is

---

2. Because we have concluded that, on this record, there was no reasonably direct relationship between Britt's occupation and the conduct relevant to the offense of conviction, we need not reach Britt's remaining contentions that the challenged conditions were neither reasonably necessary to protect the public nor imposed for the minimum time and to the minimum extent necessary.

remanded to the district court for resentencing consistent with this opinion.

**VACATED and REMANDED.**