UNITED STATES of America, Plaintiff—Appellee,

v.

Bradford P. FEIGENBAUM, Defendant—Appellant.

No. 02–30330.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 29, 2004.

Decided May 19, 2004.

---

**1.** In fact, Sanders' own testimony may have been enough in itself, but that issue is not properly before us.

Susan B. Dohrman, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Bradford P. Feigenbaum, #31412–086, Safford, AZ, pro se.

Carol A. Elewski, Esq., East Olympia, WA, for Defendant–Appellant.

Before: CANBY, WARDLAW, and GOULD, Circuit Judges.

## MEMORANDUM *

Appellant Bradford P. Feigenbaum pleaded guilty to one count of attempted transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. §§ 2423(a) and 2. In this appeal, Feigenbaum argues that he was sentenced under the wrong edition of the Sentencing Guidelines and that five of his conditions of supervised release involve a greater deprivation of liberty than reasonably necessary. We review Feigenbaum's challenges to his sentence and to conditions of supervised release 4, 5, 6, and 9 for plain error because he failed to raise these challenges before the district court. *See United States v. Rearden*, 349 F.3d 608, 618 (9th Cir.2003). We review Feigenbaum's challenge to condition of supervised release 10 for abuse of discretion. *See United States v. Britt*, 332 F.3d 1229, 1231 (9th Cir.2003). Because we conclude

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that Feigenbaum was sentenced under the wrong Sentencing Guidelines and because condition 10 may involve a greater deprivation of liberty than reasonably necessary, we vacate his sentence and remand for resentencing.

■ Feigenbaum was sentenced under the November 2001 Sentencing Guidelines even though the conduct for which he was convicted occurred in June, July, and August 2001. The government concedes that use of the November 2001 Guidelines violated the Ex Post Facto clause and agrees that Feigenbaum should be resentenced because those Guidelines increased the base offense level for the crime for which Feigenbaum was sentenced. The error was plain and prejudiced Feigenbaum. *See United States v. Chea*, 231 F.3d 531, 539 (9th Cir.2000). *Cf. United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). We therefore exercise our discretion to vacate his sentence and remand for resentencing under the Guidelines in effect at the time of the offense. *See Olano*, at 735–37.

We find no error in the district court's decision not to state its reasons for imposing the conditions of supervised release. Because the connection between Feigenbaum's crime and the conditions of his supervised release is clear from the record, the district court was not required to articulate its reasons for imposing each condition. *Rearden*, 349 F.3d at 618–19.

■ We find no plain error in the imposition of conditions 4 and 6 of Feigenbaum's supervised release. These conditions require Feigenbaum to participate in a mental health/sex offender treatment program and leave to the probation officer only the discretion necessary to oversee and define the contours of the treatment. This delegation of authority to the probation officer is within permissible limits. *See id.* at 619. The authorization of pleth-

ysmograph testing does not amount to plain error. Although we have held that such testing is insufficiently reliable for admission into evidence under the standard of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), we have observed that "courts have accepted that penile plethysmographs can help in the treatment and monitoring of sex offenders." *Glanzer v. Glanzer*, 232 F.3d 1258, 1266 (9th Cir.2000).

■ We also find no plain error in the imposition of conditions 5 and 9 of Feigenbaum's supervised release. These conditions are broad, but in cases involving sexual abuse of minors, "even very broad conditions are reasonable if they are intended to promote the probationer's rehabilitation and to protect the public." *United States v. Bee*, 162 F.3d 1232, 1236 (9th Cir.1998). In *Bee*, we upheld a condition of supervised release that prohibited a defendant from having "contact with children under the age of 18 unless approved by [his] probation officer." *Id.* at 1235–36. Here, condition 5's prohibition of "unsupervised contact, direct or indirect" with minors is no broader than *Bee*'s prohibition of all contact whatsoever without permission. We also conclude that condition 9 provides Feigenbaum with adequate notice of prohibited conduct. In *Bee*, we upheld a sentencing condition that prohibited the defendant from "loiter[ing] within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18." *Id.* at 1235. There is no more overbreadth or vagueness inherent in the phrase "places primarily used by children under the age of 18" than there is in "places where minors are known to frequent."

We decline to review Feigenbaum's claim that trial counsel was ineffective for

failing to raise objections to conditions 4, 5, 6, and 9. The record, which contains no indication of counsel's reasons for failing to object, is insufficiently developed to permit review and determination of counsel's competence. *See United States v. Daychild,* 357 F.3d 1082, 1095 (9th Cir.2004).

 Condition 10 of Feigenbaum's supervised release, however, is problematic. Condition 10 prohibits Feigenbaum from having any contact, "directly or indirectly, with any electronic device which communicates data via a modem" or "with any electronic device which communicates data through a dedicated connection" except where "explicitly allowed by [his] probation officer, and with the approval of and under supervision by a supervisor as a requirement of employment." Another clause of condition 10 prohibits Feigenbaum "from having Internet access during [his] period of supervision." Taken as a whole, this condition is ambiguous because it is not clear whether Feigenbaum is completely banned from the Internet or whether he may use the Internet subject to approval by a probation officer and supervision by an employer. This court has held that a district court may prohibit Internet access without prior approval of a probation officer as a condition of supervised release, *see Rearden,* 349 F.3d at 621, but it has never upheld a total Internet ban. Most other circuit courts that have addressed the issue have either rejected total Internet bans as conditions of supervised release, *see United States v. Holm,* 326 F.3d 872, 877–78 (7th Cir.2003); *United States v. Sofsky,* 287 F.3d 122, 126–27 (2d Cir.2002), or have allowed Internet bans only where the ban can be lifted at the discretion of a probation officer, *see United States v. Fields,* 324 F.3d 1025, 1027 (8th Cir.2003); *United States v. Zinn,* 321 F.3d 1084, 1093 (11th Cir.2003); *United States v. Walser,* 275 F.3d 981, 988 (10th Cir.2001); *United States v. Crandon,* 173 F.3d 122, 127–28 (3d Cir.1999). *But see United States v. Paul,* 274 F.3d 155, 169–70 (5th Cir.2001). We decline to decide whether to adopt this majority view because it is not clear that condition 10 prohibits Feigenbaum from all Internet use. We therefore remand condition 10 so that, upon resentencing, the district court may clarify the extent of the restriction on Feigenbaum's Internet use.

In sum, we affirm the district court's imposition of conditions of supervised release 4, 5, 6, and 9. We vacate the sentence and remand for resentencing for the purpose of applying the November 2000 Sentencing Guidelines and clarifying supervised release condition 10.

**SENTENCE VACATED; REMANDED for RESENTENCING, with instructions.**