**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Alfredo REYES–PLATERO, aka Juan Carlos Platero, Defendant–Appellant.**

**No. 05–50770.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 25, 2006.

Submission Vacated and Deferred Oct. 26, 2006.

Resubmitted April 18, 2008.

Filed May 13, 2008.

Michael J. Raphael, Matthew E. Sloan, USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Michael Tanaka, Kathryn A. Young, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: SILER,* TASHIMA and BEA, Circuit Judges.

## MEMORANDUM **

Jose Alfredo Reyes–Platero ("Reyes") challenges the sentence imposed by the district court following his plea of guilty to re-entry into the United States after removal in violation of 8 U.S.C. § 1326(a), (b)(2). We deferred submission pending our en banc decision in *United States v. Carty*, 520 F.3d 984 (9th Cir.2008). We now affirm, with the exception of certain supervised release conditions.

Reyes first contends that § 1326(b)'s aggravated felony enhancement provision, as interpreted by the Supreme Court in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is no longer good law. We have previously considered, and foreclosed, that argument. *See United States v. Martinez–Rodriguez*, 472 F.3d 1087, 1093 (9th Cir.2007) ("We again reiterate that, while *Apprendi* may cast doubt on the continuing viability of *Almendarez–Torres*, *Almendarez–Torres* remains the law unless and until it is overruled by the Supreme Court.").

Reyes next contends that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to make a finding at his sentencing hearing regarding the controverted, material issue of his motivation for re-entry into the United States, and by failing to address his contention that he was entitled to a sentence commensurate with those imposed through the fast track program. The record indicates, however, that the district court took into consideration Reyes' professed reason for re-entry and found it to be irrelevant or unnecessary to the determination of his sentence under the factors articulated by 18 U.S.C. § 3553(a). Moreover, the district court ruled on Reyes' fast track argument, stating that any findings regarding its applicability would be immaterial because the government's actions fell within its prosecutorial discretion. Therefore, the district court complied with Rule 32.

We likewise reject Reyes' contention that the district court imposed an unreasonable sentence by failing to give due consideration to several of the § 3553(a) sentencing factors. We review the substantive reasonableness of a sentence under an abuse of discretion standard. *See Carty*, 520 F.3d at 987–88. "The district court need not tick off each of the § 3553(a) factors to show that it has considered them.... However, when a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence, then the judge should normally explain why he accepts or rejects the party's position." *Id.* at 992–93. The district court complied with this requirement.

▪ Finally, Reyes challenges several of the supervised release conditions imposed by the district court. We address each contention in turn.

- Reyes contends that conditions 4 and 12 improperly delegate to the Probation Officer the decisions whether, and how much, Reyes should pay for the post-custodial treatment ordered by the district court. We considered and rejected this argument in *United States v. Soltero*, 510 F.3d 858, 864 (9th Cir.2007). Therefore, these conditions are valid.

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

- Reyes contends that condition 6, requiring him to report to the Probation Office within 72 hours of release from any custody or any re-entry into the United States, violates his Fifth Amendment privilege against self-incrimination. Because requiring Reyes' presence at the Probation Office does not communicate any information that will necessarily subject him to prosecution, the condition does not run afoul of the Fifth Amendment. *United States v. Rodriguez-Rodriguez,* 441 F.3d 767, 772 (9th Cir.2006).

- Reyes contends that condition 10, which requires him to participate in psychological/psychiatric counseling or a sex offender treatment program, deprives him of greater liberty than is reasonably necessary for the purposes of deterrence, protection of the public, or rehabilitation. In this case, the district court could have concluded, based on the undisputed fact of Reyes' relationship with a thirteen-year-old girl, that some degree of treatment was reasonably related to the above-mentioned purposes. *See, e.g., United States v. Bee,* 162 F.3d 1232, 1235 (9th Cir.1998). As such, this portion of the condition must be upheld. We also affirm the portion of this condition requiring Reyes to submit to polygraph testing, because we construe it as permitting Reyes to refuse to incriminate himself during such tests. *See United States v. Antelope,* 395 F.3d 1128, 1135–39 (9th Cir.2005). However, we vacate the portions of this condition requiring that Reyes submit to plethysmograph testing and take all prescribed medication. Because the district court did not make any explicit findings on the record that the conditions involve no greater deprivation of liberty than is reasonably necessary, the district court must determine on remand whether such requirements may be imposed. *See United States v. Cope,* 506 F.3d 908, 918–20 (9th Cir. 2007).

- Reyes contends that condition 11, requiring disclosure of his previous mental health evaluations to treatment providers, violates his confidentiality. We disagree. We affirm the condition as being reasonably related to the goal of providing effective mental health and sex offender treatment. *See Bee,* 162 F.3d at 1234–35. However, we vacate the portion of the condition in the written judgment requiring Reyes to disclose previous sex offender evaluations to treatment providers, because the district court did not announce such a requirement as part of its oral sentence. *See United States v. Napier,* 463 F.3d 1040, 1042 (9th Cir.2006) (noting that "[t]he actual imposition of a sentence occurs at the oral sentencing, not when the written judgment later issues").

- We likewise reject Reyes' contention that conditions 13, 14, and 17, which limit his access to areas primarily used by, and his communication with, minor children serve no legitimate purpose. The district court could have seen the restrictions as reasonably necessary to protect children's safety. *See Bee,* 162 F.3d at 1235–36 (upholding conditions similar to those at issue here).

- Finally, Reyes contends that condition 15 constitutes an impermissible occupational restriction because it prohibits him from working in any capacity in an organization where he would have regular contact with minors. The district court may impose a condition requiring the defendant to "refrain ... from engaging in a specified occupation, business, or profession" only where the occupation "bear[s] a rea-

sonably direct relationship to the conduct constituting the offense...." 18 U.S.C. § 3563(b)(5). Condition 15 bears no relationship to Reyes' conviction for illegal re-entry. *See United States v. Britt*, 332 F.3d 1229, 1232–33 (9th Cir.2003). Therefore, the condition should be vacated.

**AFFIRMED in part; VACATED in part; and REMANDED.**