FILED
United States Court of Appeals
Tenth Circuit

January 6, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

PATRICK MANNING,

      Defendant-Appellant.

No. 08-5057
(N.D. Okla.)
(D.C. No. 4:03-CR-00025-HDC)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Defendant-Appellant Patrick Manning, Jr. was convicted of one count of misapplication by fiduciary. He was sentenced to thirty-seven months' imprisonment, thirty-six months' supervised release and ordered to pay $26,437.34 in restitution. Mr. Manning did not appeal his conviction or sentence. Subsequently, Mr. Manning violated his supervised release and was sentenced to ten months' imprisonment and twenty-six months' supervised release. The

---

[*] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

district court imposed a special condition on Mr. Manning that throughout the term of his new supervised release he would be restricted from any form of self-employment. Mr. Manning appeals this restriction. Mr. Manning's appointed counsel has filed an *Anders* brief and a motion to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Mr. Manning was provided a copy of his counsel's *Anders* brief and filed a document styled, "Ineffective Counsel, Plain Error, Unreasonableness of Sentence and Abuse of Discretion," which we construed as his response to the *Anders* brief.[1] The government has declined to file a brief. We have jurisdiction under 28 U.S.C. § 1291. Based on our independent review of the record, *Anders*, 386 U.S. at 744, we conclude that Mr. Manning's appeal is meritless. Accordingly, we **AFFIRM** the sentence and **GRANT** counsel's motion to withdraw.

## BACKGROUND

Mr. Manning pleaded guilty to one count of misapplication by fiduciary, in violation of 38 U.S.C. § 6101(a). He was sentenced to thirty-seven months' imprisonment and thirty-six months' supervised release. He also was ordered to pay $26,437.34 in restitution.

During Mr. Manning's supervised release he was arrested for possession of drug paraphernalia. An Order on Supervised Release was filed by the United

---

[1] Mr. Manning subsequently filed another document called, "Emergency Brief of Defendant/Appellant," which we construed as a supplement to his response, and have given it due consideration.

States Probation Office alleging violations of his supervised release. Subsequently, Mr. Manning was detained. The district court revoked his supervised release and sentenced him to ten months' imprisonment and twenty-six months' supervised release. The district court imposed a special condition on Mr. Manning that throughout the term of his new supervised release he would be restricted from any form of self-employment. Mr. Manning timely appeals.

## DISCUSSION

Mr. Manning argues that the condition of supervised release restricting him from any form of self-employment does not have a reasonably direct relationship to conduct relevant to his offense of conviction.[2] However, Mr. Manning did not

---

[2] Mr. Manning also asked his counsel to raise in this appeal ineffective assistance of counsel claims related to his counsel's own performance in briefing and oral arguments relative to the sentencing proceeding. If he desires to do so, Mr. Manning may pursue such claims in collateral proceedings, but they are not appropriate for our consideration at this time. *See, e.g.*, *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) ("Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed.").

In addition, Mr. Manning appears to seek review of the reasonableness of the ten-month prison term that the district court imposed following revocation of his supervised release, arguing that other similarly situated defendants, with supervised release violations that the Guidelines classify as Grade C, U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 7B1.4(a), p.s., have not received prison terms following supervised release revocations. Mr. Manning's comparatively short sentence was imposed on March 31, 2008. Mr. Manning had been detained on the supervised release revocation charge for more than two months before sentencing. At this juncture, although the clock has not run on the ten months, if Mr. Manning was given the statutorily prescribed credit for that

(continued...)

-3-

time, *see, e.g.*, *Weekes v. Fleming*, 301 F.3d 1175, 1178 (10th Cir. 2002) (construing 18 U.S.C. § 3585(b)), in all likelihood he has completed his sentence. Indeed, publicly available Bureau of Prison records indicate that Mr. Manning completed his prison term and was released around mid-November 2008. *See* Federal Bureau of Prisons, Inmate Locator, http://www.bop.gov/iloc2/LocateInmate.jsp (last visited Dec. 28, 2008). Furthermore, on September 22, 2008, Mr. Manning sought from this Court a stay of the commencement of his supervised release term, noting that he was "about to be released again to the same probation officer." No. 08-5057, Doc. 9598259, at 3 (Order of Stay for Supervised Release, dated September 22, 2008). We denied Mr. Manning's request for a stay.

If Mr. Manning has in fact been released, as we are inclined to believe under the circumstances outlined above, that portion of his appeal challenging the reasonableness of his sentence is moot. *See United States v. Johnson*, 529 U.S. 53, 54 (2000) (holding that "excess prison time" served by a defendant on invalidated criminal convictions cannot be "credited to the supervised release" period to reduce its length); *United States v. Ludvigson*, 262 F. App'x 880, 883-84 (10th Cir. 2008) (holding substantive reasonableness sentencing challenge to be moot when defendant had completed prison sentence, but addressing challenge to supervised release conditions). And, even if there were some very slight room for doubt concerning Mr. Manning's release, given the limited nature of our jurisdiction, we would resolve that doubt in a manner supportive of a determination of mootness. *See Renne v. Geary*, 501 U.S. 312, 316 (1991) ("Concerns of justiciability go to the power of the federal courts to entertain disputes, and to the wisdom of their doing so. We presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." (internal quotation marks omitted) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986))). Accordingly, we conclude that Mr. Manning's challenge to the reasonableness of his ten-month sentence is moot.

Mr. Manning also alleges that the restitution portion of his sentence is illegal. Mr. Manning contends that he should have only been held responsible for paying restitution with respect to the one count as to which he pleaded guilty. If Mr. Manning had raised this contention in a direct appeal of his sentence, we cannot definitively say that it would have been frivolous, given that Mr. Manning did not enter a plea agreement obliging him to pay restitution in the full amount of the loss. *See, e.g.*, *United States v. Gordon*, 480 F.3d 1205, 1210 (10th Cir.

object to the imposition of this occupational restriction at sentencing, therefore,

we review for plain error.

---

(...continued)
2007) ("Interpreting the Victim and Witness Protection Act of 1982 (VWPA), we held that restitution 'is authorized only for losses caused by conduct underlying the offense of conviction.'" (quoting *United States v. Brewer*, 983 F.2d 181, 183-84 (10th Cir. 1993))). *But cf.* 18 U.S.C. §§ 3663(a)(2), 3663A(a)(2) (defining "victim" for purposes of restitution to mean "a person directly and proximately harmed" by the commission of an offense that "involves" *inter alia* a "pattern of criminal activity"). However, Mr. Manning did not raise the issue in a direct appeal; he did not appeal his sentence at all. Accordingly, we conclude that Mr. Manning has waived this contention of illegality. *See United States v. Turner*, 88 F. App'x 307, 311 (10th Cir. 2004) ("[W]e hold that Mr. Turner's challenge to the legality of his original sentence is barred by his failure to timely raise the issue on direct appeal."); *United States v. Haberer*, No. 93-8218, 1994 WL 35624, at *1 (5th Cir. Jan. 28, 1994) ("We agree with the government that the reimposition of the identical restitution order subject to credit for sums previously paid did not render it a new, appealable order."); *cf. United States v. Eicke*, 52 F.3d 165, 166 (7th Cir. 1995) (where fine obligation reimposed upon revocation of supervised release, noting that "[r]eminding [defendant] that he still owes the United States this money [under the fine obligation imposed as a part of his supervised release] is not akin to imposing a new fine" and consequently "[n]o additional punishment has been assessed").

Lastly, Mr. Manning objects to certain special search and financial conditions imposed upon him as part of his supervised release sentence on the grounds that they are not reasonably related to his offense. Mr. Manning, however, offers no arguments or citations to authority or the record to support this specific objection. On that ground, alone, we may reject it. *See, e.g.*, *Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 519, 537 n.25 (10th Cir. 2000) ("Defendants developed these arguments so superficially as to waive them for appellate review."); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (noting that "perfunctory complaints fail to frame and develop an issue sufficient to invoke appellate review"). Furthermore, given that Mr. Manning's offense of conviction involved deceit and the unlawful mishandling of money entrusted to him, we would have difficulty discerning obvious grounds for concluding that the district court's imposition of such conditions was unreasonable. Accordingly, we would in any event reject Mr. Manning's objection on the merits.

To satisfy the plain error standard, Mr. Manning "must show: (1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affects substantial rights. If he satisfies these criteria, this Court may exercise discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Goode*, 483 F.3d 676, 681 (10th Cir. 2007) (internal quotation marks omitted); *see also United States v. Olano*, 507 U.S. 725, 732-34 (1993) (describing "plain error" requirements). "[W]e will only exercise our discretion when an error is particularly egregious and the failure to remand for correction would produce a miscarriage of justice." *United States v. Kaufman*, 546 F.3d 1242, 1252 (10th Cir. 2008) (alteration in original) (internal quotation marks omitted); *see* 2 Steven Alan Childress & Martha S. Davis, *Federal Standards of Review* §7.04 (3d ed. 1999) ("The standard to determine whether there is plain error under Rule 52(b) requires a determination of *manifest injustice* . . . .").

District courts are authorized by 18 U.S.C. § 3563(b)(5) to order, as a condition of supervised release, that a defendant "refrain . . . from engaging in a specified occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense, or engage in such a specified occupation, business, or profession only to a stated degree or under stated circumstances." Further, U.S.S.G. § 5F1.5(a) states that, before imposing an occupational restriction, the court must first determine that:

-6-

> (1) a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction; and
>
> (2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted.

U.S.S.G. § 5F1.5(a).

The clear language of § 3563(b)(5) and the Guidelines requires a reasonably direct relationship between the occupational restriction and the conduct relevant to the offense of conviction. *See United States v. Erwin*, 299 F.3d 1230, 1232 (10th Cir. 2002) ("The plain wording of the guideline dictates that there be a connection between an occupational restriction and the conduct for which the defendant was convicted."); *see also United States v. Wittig*, 528 F.3d 1280, 1288 (10th Cir. 2008) (discussing the necessary conditions to support occupational restrictions), *petition for cert. filed*, No. 08-779 (U.S. Dec. 15, 2008).

Mr. Manning was initially convicted of misapplication by fiduciary. While serving his sentence in a United States Bureau of Prisons halfway house, he started two businesses without the permission or knowledge of the halfway house staff. Mr. Manning had liquidated a retirement savings account to start the businesses. The halfway house staff asked the U.S. Probation Office to assist in investigating the matter. Mr. Manning admitted to the Probation Office that,

during the presentence investigation that preceded his original sentencing on the misapplication offense, he lied about the existence of his retirement savings account to prevent it from being seized to pay restitution for the offense. Nevertheless, the Probation Office allowed Mr. Manning to continue attempting to make one of his businesses a success, provided he continued to pay $50 per month in restitution. Mr. Manning reported that he paid $300 in rent for office space, but the Probation Office determined that his company had not made a profit. At the time of sentencing, Mr. Manning still owed $21,868.91 in restitution.

In its sentencing recommendations relative to the supervised release revocation, the Probation Office suggested that some of the funds that Mr. Manning was expending on rent for his failing business could have been used to pay restitution and recommended that the court impose the restriction on self-employment "due to the defendant's inability to report a profit from previous self employment attempts." *See* Aplt. Br. Ex. B, ¶ 6, at 3 (Supervised Release Revocation/Sent'g Mem., dated Mar. 19, 2008). The Probation Office apparently reasoned that a self-employment restriction would prevent Mr. Manning from wasting funds that otherwise would be available to help satisfy his restitution obligation.

In imposing the self-employment restriction, the district court did not specify its reasons for doing so. To the extent that the district court adopted the

Probation Office's rationale and imposed the self-employment restriction *solely* as a tool to prevent Mr. Manning from wasting funds that would otherwise be available to help satisfy his restitution obligation, we would be hard-pressed to uphold the restriction as having a reasonably direct relationship to conduct relevant to his misapplication offense. *Cf. Erwin*, 299 F.3d at 1232-33 ("The district court, however, did not demonstrate that *any* relationship existed between commercial fishing and unlawful conduct similar to possession of ammunition.").

On a more developed record, however, other or additional justifications for the restriction may have been revealed. *Cf. Turner*, 88 F. App'x at 314 (holding that there was a sufficiently direct relationship between restricting the defendant's self-employment as a roofer and his bank fraud conviction when the defendant used his roofing business to facilitate the fraud and, after his initial sentence, he failed to provide information about his business activities to his probation officer). Because Mr. Manning did not object to the restriction, however, we do not have the benefit of such a developed record. More significantly, Mr. Manning has made no argument for why any error by the district court would effect a miscarriage of justice. And none is readily apparent to us.[3]

---

[3]    Employing similar reasoning, in an unpublished decision, the Fifth Circuit rejected under plain error review a defendant's challenge to a sex-offender registration requirement that the district court imposed as a condition of supervised release. Specifically, the court stated:

(continued...)

In operating a business, Mr. Manning invariably would be called upon to engage in financial transactions with others. Unlike the typical employment scenario, however, as the operator of his own business, Mr. Manning would have no one to monitor or supervise his conduct. Recalling that Mr. Manning was convicted of an offense (i.e., misapplication by fiduciary) involving deceit and the unlawful mishandling of money entrusted to him, we cannot say with a strong level of certainty that the district court could not have determined that a bar on self-employment had a reasonably direct relationship conduct relevant to his misapplication offense. In any event, on this record, it is patent that the imposition of such a restriction would not effect a miscarriage of justice. Accordingly, we conclude that the district court did not plainly err in imposing the self-employment restriction on Mr. Manning.

## CONCLUSION

Accordingly, we **AFFIRM** the sentence and **GRANT** counsel's motion to

---

[3](...continued)
> Had an objection been raised, the record on this point could have been more fully developed. None was. As a result, our standard of review in this case is for plain error, meaning that we will reverse only if the district court's decision threatens "the fairness, integrity, or public reputation of [the] judicial proceedings and result[s] in a miscarriage of justice."

*United States v. Ybarra*, 289 F. App'x 726, 733 (5th Cir. 2008) (alterations in original) (quoting *United States v. Surasky*, 974 F.2d 19, 21 (5th Cir. 1992)), *cert. denied*, 77 U.S.L.W. 3345 (U.S. Dec. 8, 2008) (No. 08-7220).

-10-

withdraw.[4]


ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge

---

[4] We deny as moot Mr. Manning's filing styled, "Emergency Relief Supplement," which we construed as a motion to expedite.