**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50521 |
| Plaintiff - Appellee, | D.C. No. 8:10-cr-00034-DOC-2 |
| v. | |
| VERONICA ANA MARIA RAMIREZ, AKA Veronica Martinez, AKA Veronica Ana Ramirez, AKA Veronica Maria Ramirez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted December 2, 2013
Pasadena, California

Before: SCHROEDER, CLIFTON, and WATFORD, Circuit Judges.

   **1.** The district court did not plainly err in imposing the standard third-party

notification condition of supervised release. The Sentencing Guidelines include

the challenged third-party notification condition as a "standard" condition in

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

§ 5D1.3(c), rather than in the sections dealing with "special" occupational restrictions. *See* U.S. Sentencing Guidelines Manual §§ 5D1.3(e), 5F1.5 (2011). No Ninth Circuit precedent holds that imposition of the challenged condition amounts to an occupational restriction. Ramirez relies on *United States v. Britt*, 332 F.3d 1229, 1232 (9th Cir. 2003), but that case dealt with a special condition that directly and "expressly limit[ed] the terms" of the defendant's employment at the time it was imposed. In addition, other circuits addressing the challenge raised by Ramirez appear to have split. *Compare United States v. Souser*, 405 F.3d 1162, 1165 (10th Cir. 2005), *with United States v. Ritter*, 118 F.3d 502, 504 n.2 (6th Cir. 1997). Under these circumstances, any error could not have been plain or obvious. *See United States v. Thompson*, 82 F.3d 849, 855–56 (9th Cir. 1996).

**2.** The parties agree that, pursuant to the terms of Ramirez's plea agreement, the district court should have dismissed count 1. We remand for that limited purpose.

**AFFIRMED in part and REMANDED in part for the limited purpose of dismissing count 1.**