**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10264 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00083-DAD-1 |
| v. | |
| GUADALUPE ROBERT HERNANDEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted August 15, 2019[**]
Pasadena, California

Before: CALLAHAN and CHRISTEN, Circuit Judges, and WU,[***] District Judge.

Defendant-Appellant Guadalupe Robert Hernandez appeals the district

court's imposition of two special conditions of supervised release after it revoked

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

his original sentence of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

Hernandez objected at sentencing to the two special conditions that he now challenges on appeal. Condition 1 requires that he "provide the probation officer with access to any requested financial information." Condition 8 requires that he provide the probation officer with "all requested business/personal phone records," "any existing contracts with telephone line/cable service providers," and "written authorization to request a record of all outgoing or incoming phone calls from any service provider."

We review the district court's imposition of the conditions for an abuse of discretion. *United States v. Gnirke*, 775 F.3d 1155, 1159 (9th Cir. 2015).

**1.** Hernandez first argues the district court committed procedural error by failing to adequately explain how conditions 1 and 8 relate to the goals of supervised release. "A sufficient explanation 'permit[s] meaningful appellate review' and 'communicates that the parties' arguments have been heard, and that a reasoned decision has been made.'" *Id.* (alteration in original) (quoting *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc)). "A detailed

---

[1] Because the parties are familiar with the facts and the procedural history, we do not recount them here.

explanation from the court is not always required; in some cases, 'adequate explanation . . . may also be inferred from the [Pre-Sentence Report] or the record as a whole.'" *Id.* at 1159–60 (alterations in original) (quoting *United States v. Daniels*, 541 F.3d 915, 922 (9th Cir. 2008)).

Here, the district court listened to the parties' arguments and explained its decision to impose the challenged conditions by noting Hernandez's underlying drug trafficking conviction. And even if we found the stated reason insufficient to permit appellate review, we can infer an adequate explanation from the record, which includes a presentence report and a summary of Hernandez's violation conduct. We conclude the district court did not err procedurally. *See id.* at 1160.

**2.** Hernandez next argues that conditions 1 and 8 are substantively unreasonable. "A supervised release condition is substantively unreasonable if it 'is not reasonably related to the goal[s] of deterrence, protection of the public, or rehabilitation of the offender.'" *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012) (alteration in original) (quoting *United States v. Collins*, 684 F.3d 873, 892 (9th Cir. 2012)); *see also* 18 U.S.C. § 3583(d). A condition may also be substantively unreasonable "if it infringes more on the offender's liberty than is 'reasonably necessary' to accomplish these statutory goals." *Wolf Child*, 699 F.3d at 1090 (quoting 18 U.S.C. § 3583(d)(2)).

As to condition 1, this court has already held "that certain defendants who have been convicted of drug trafficking offenses may properly be required to disclose the details of their personal finances as a condition of supervised release." *United States v. Garcia*, 522 F.3d 855, 862 (9th Cir. 2008). Hernandez's underlying conviction was for a drug trafficking offense, and he violated his original supervised release term by engaging in unlawful drug use and failing to participate in mandatory drug testing. We conclude the district court did not abuse its discretion by imposing condition 1.

As to condition 8, the record also shows that the condition is reasonably related to the goals of supervised release. The district court revoked Hernandez's original supervised release term because, in addition to his drug use violations, he had failed to notify his probation officer of a change in residence. His probation officer also explained that Hernandez failed to provide a working phone number or maintain contact before absconding.

To avoid an overbroad reading of condition 8, however, we construe it to require disclosure of only those "requested business/personal phone records" that are in Hernandez's name or that he controls. *See Gnirke*, 775 F.3d at 1166 (noting that this court has occasionally "constru[ed] a facially broad condition more narrowly to avoid a greater deprivation of defendant's liberty than was reasonably

4

necessary." (citing *United States v. Goddard*, 537 F.3d 1087, 1089 (9th Cir. 2008)). So construed, we approve condition 8. This makes sense in light of other language in condition 8, which also refers to Hernandez's "existing contracts with telephone line/cable service providers." We note the probation officer's exercise of discretion in requesting records pursuant to condition 8 "will be subject to judicial review to the same extent as other conditions of supervised release." *Id.* at 1167.

**3.** Hernandez's final argument is that condition 8 is an occupational restriction as defined by section 5F1.5 of the United States Sentencing Guidelines, which requires that the district court make certain findings that it did not make here. A supervised release condition is an occupational restriction if it "prohibit[s] the defendant from engaging in a specified occupation, business, or profession, or limit[s] the terms on which the defendant may do so." U.S.S.G. § 5F1.5(a).

This court previously held that a near-identical condition requiring disclosure of "business/personal phone records," also numbered condition 8, was an occupational restriction. *See United States v. Britt*, 332 F.3d 1229, 1232 (9th Cir. 2003). But we did so only "[t]o the extent that condition 8 [was] used to enforce" a separate condition—not present here—that we deemed to be an

occupational restriction. *Id.* In other words, we did not hold that condition 8,

standing alone, is an occupational restriction. We decline to do so here.[2]

**AFFIRMED.**

---

[2] This concern is further allayed by our construction of condition 8, which does not require that Hernandez produce his employer's phone records.