**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 24-7126 & 25-844 |
| Plaintiff-Appellee, | D.C. No. 2:23-cr-000492-PA-1 |
| v. | |
| RYAN WRIGHT, AKA Ryan Petetit, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeals from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted March 12, 2026[**]
Pasadena, California

Before: TALLMAN, RAWLINSON, and HAMILTON, Circuit Judges.[***]

Defendant-Appellant Ryan Wright pled guilty to conspiracy to commit

honest services wire fraud under 18 U.S.C. §§ 371, 1343, and 1346. He challenges

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David F. Hamilton, United States Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

a condition of supervised release requiring that he "not engage, as whole or partial owner, employee or otherwise, in any business involving loan programs, telemarketing activities, investment programs or any other business involving the solicitation of funds or cold-calls to customers" without a probation officer's prior approval. We affirm.

1.    To preserve an issue for appeal, a party must contemporaneously object and identify the "specific substantive basis" for the objection, which "provides the district court with an opportunity to address the error in the first instance and allow[] this court to engage in more meaningful review." *United States v. Hackett*, 123 F.4th 1005, 1010 (9th Cir. 2024); *see also* Fed. R. Crim. P. 51(b). When the party fails to object on the ground advanced on appeal, we review for plain error. *United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009).

At the sentencing hearing, the district court announced that it was contemplating imposing several conditions—including the occupational restriction at issue here—that had not been previously brought to the parties' attention. Wright objected because he had not been aware the court was considering these conditions. The court twice offered him a remedy to cure the problem: a continuance so he could review the proposed conditions, consider them, and formulate specific substantive objections. Wright twice declined.

Wright's desire to expedite sentencing does not excuse his repeated choice to forgo creating a record that would "allow[] this court to engage in more meaningful review."[1] *Hackett*, 123 F.4th at 1010. To prevail, Wright must show: (1) an error (2) that is clear or obvious, (3) that affects his substantial rights, and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732–36 (1993) (citation modified).

2. An occupational restriction imposed as a condition of supervised release must bear "a reasonably direct relationship to the conduct constituting the offense." 18 U.S.C. § 3563(b)(5); U.S.S.G. § 5F1.5(a)(1); *e.g.*, *United States v. Britt*, 332 F.3d 1229, 1231–32 (9th Cir. 2003). We have routinely affirmed occupational restrictions prohibiting a defendant from engaging in, or requiring a probation officer's prior approval for, the type of business or employment that facilitated or motivated his crimes. *E.g.*, *United States v. Betts*, 511 F.3d 872, 874–76 (9th Cir. 2007).

At his change of plea hearing, Wright admitted to committing the overt acts charged in Count 1 of the First Superseding Indictment, which include that he twice directed an investor to pay a bribe, repeatedly used company money to pay

---

[1] Moreover, it appears Wright received sufficient notice even without the court's offer of a continuance. *See United States v. Wise*, 391 F.3d 1027, 1032–33 (9th Cir. 2004).

bribes, and sometimes solicited money from investors to recoup those costs. On plain-error review, the relationship between Wright's offense conduct and the occupational restriction on loan programs, telemarketing activities, soliciting investments, and other jobs soliciting funds is "reasonably direct."

3.      Unless the condition implicates a "particularly significant liberty interest," the court "need not state at sentencing its reasons for imposing each condition of supervised release, so long as its reasoning is apparent from the record." *United States v. Magdaleno*, 43 F.4th 1215, 1221 (9th Cir. 2022). Such conditions requiring more explanation may include, for example, those prohibiting association with a child or life partner, *United States v. Wolf Child*, 699 F.3d 1082, 1091–92 (9th Cir. 2012), those "compelling a person to take antipsychotic medication," *United States v. Williams*, 356 F.3d 1045, 1055 (9th Cir. 2004), and those requiring measurement of a man's "sexual response to various visual and auditory stimuli" through a device placed on his genitals, *United States v. Weber*, 451 F.3d 552, 561–63 (9th Cir. 2006). The occupational restriction Wright faces is plainly not of a kind.

Nothing in our case law interprets U.S.S.G. § 5F1.5 to require the court to articulate its reasoning on the record before imposing an occupational restriction. *See Betts*, 511 F.3d at 875–76. On its face, the guideline simply states the higher substantive standards for imposing occupational restrictions, not an additional

procedural requirement. Any arguable procedural error did not amount to plain error.

4. Finally, the occupational restriction is not unconstitutionally vague or overbroad. To avoid vagueness, a condition of supervised release need only "provide people of ordinary intelligence with fair notice of what is prohibited." *United States v. Sims*, 849 F.3d 1259, 1260 (9th Cir. 2017). We agree with the government that the catch-all provision "any other business involving the solicitation of funds or cold-calls to customers" indicates that the condition covers only "companies that directly solicit funds from individuals for investment." So construed, the condition is not vague, and any legitimate overbreadth concerns fall away.

Wright's other vagueness arguments are meritless. A person of ordinary intelligence, not to mention a sophisticated financial criminal, would read "not engage, as whole or partial owner, employee *or otherwise*" as obviously covering acting as an independent contractor, consultant, or board member. If an opportunity arises about which Wright is genuinely unsure, he need only seek the probation officer's permission and, if necessary, go to the sentencing court. 18 U.S.C. § 3583(e)(2); *United States v. Bainbridge*, 746 F.3d 943, 950 (9th Cir. 2014).

**AFFIRMED**.