# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

ROBERT RAY BURNETT GODDARD,
          *Defendant-Appellant.*

No. 07-50402

D.C. No.
CR-07-00068-
FMC-1

OPINION

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Argued and Submitted
July 17, 2008—Pasadena, California

Filed August 11, 2008

Before: Cynthia Holcomb Hall, Pamela Ann Rymer, and
Andrew J. Kleinfeld, Circuit Judges.

Opinion by Judge Rymer

10339

## COUNSEL

Elizabeth A. Newman, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellant.

Jennifer A. Corbet, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

## OPINION

RYMER, Circuit Judge:

Robert Ray Burnett Goddard, convicted of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), challenges a number of special conditions of supervised release, including conditions that restrict his use of computer-related devices, those with whom he may associate, and his use of a post office box. The parties agree to strike portions of several conditions where the written judgment differs from the oral pronouncement.[1] We believe that two of the

---

[1] *United States v. Allen*, 157 F.3d 661, 668 (9th Cir. 1998) (holding that an unambiguous oral sentence controls even though the written judgment and commitment order reflects the sentencing judge's intended sentence). Conditions 7, 8, 12, 15, 17, and 19 are subject to this infirmity, and are to be conformed on remand to the oral order of sentence.

computer conditions are problematic if broadly construed, because they could be read to prohibit all use of a computer except for work and to make the use of a work computer impracticable. However, these conditions involve no greater a deprivation of liberty than is reasonably necessary if narrowly construed to allow personal computer use as approved by the probation officer and not to condition routine or automatic software additions, deletions, upgrades, updates, installations, repairs, or other modifications on prior approval. 18 U.S.C. § 3583(d)(2). So construed, we approve the computer conditions and conclude that the remaining conditions are also reasonable.

I

Goddard viewed, downloaded, and possessed child pornography, and admitted that he was sexually stimulated by it. He went on the Internet to look at child pornography every week from 1997 (when he first obtained a computer) through his arrest in 2005. Goddard also made pornographic images of children available for others to download on peer-to-peer networks like Kazaa. The images were graphic, explicit, and in some cases sadistic or masochistic. Goddard had a prior conviction for sexual battery involving a touching of a 13-year-old girl on her way to school.

He pled guilty, and was sentenced to a custodial term of 63 months, followed by ten years of supervised release. Goddard objected to most, but not all, of the special conditions. We review those conditions to which he interposed an objection for abuse of discretion, *see United States v. Stephens*, 424 F.3d 876, 879 (9th Cir. 2005), and the rest for plain error, *see United States v. Rearden*, 349 F.3d 608, 614 (9th Cir. 2003).

[1] A district court has discretion to order special conditions of supervised release pursuant to § 3583(d) if the conditions are reasonably related to the factors set forth in 18 U.S.C. § 3553(a). *Id.* at 618. In sum, conditions are permissi-

ble if they are reasonably related to the goals of deterrence, protection of the public, or rehabilitation of the offender, taking into account the offender's history and personal characteristics, and involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release. *Id.*

## II

### *Computer Conditions*

Condition 5 permits use of computers and computer-related devices, screen user names, passwords, e-mail accounts, and internet service providers as approved by the probation officer.[2] Condition 6 subjects computers, computer-related devices, and peripheral equipment that Goddard uses to search and seizure and installation of monitoring software or hardware, which he is ordered not to remove or modify without prior approval of the probation officer.[3] Condition 7 provides: "The defendant shall use computers/devices only within the scope of his employment. The defendant shall not access a computer

---

[2]Condition 5 states: "The defendant shall use only those computers and computer-related devices, screen user names, passwords, e-mail accounts, and internet service providers (ISPs) as approved by the Probation Officer. Computers and computer-related devices include, but are not limited to, personal computers, personal data assistants (PDAs), internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, other computers, or similar media."

[3]Condition 6 states: "All computers, computer-related devices, and their peripheral equipment, used by the defendant shall be subject to search and seizure and the installation of search and/or monitoring software and/or hardware, including unannounced seizure for the purpose of search. The defendant shall not add, remove, upgrade, update, re-install, repair, or otherwise modify the hardware or software on the computers, computer-related devices, or their peripheral equipment, nor shall he hide or encrypt files or data without the prior approval of the Probation Officer. Further, the defendant shall provide all billing records, including telephone, cable, internet, satellite, and the like, as requested by the Probation Officer."

for any other purposes. [The defendant shall immediately report any changes at his place of employment in regard to his internet access and computer use including but not limited to his internet e-mail."] ["You're to . . . immediately report any change of employment to your probation officer."]**[4]**

Goddard acknowledges that these conditions are reasonably related to his offense, but argues that they are unnecessarily restrictive as they effect a total ban on personal computer use. He further maintains that Condition 6 is overbroad because it requires prior approval to complete even simple software updates and is unnecessary given the government's ability to monitor.

**[2]** We see no abuse of discretion with respect to Condition 5; it is consistent with conditions we have previously found permissible. *See, e.g., Rearden*, 349 F.3d at 620-22; *United States v. Antelope*, 395 F.3d 1128, 1142 (9th Cir. 2005).

**[3]** Likewise, the concept of monitoring and most of Condition 6 is consistent with *Rearden*. Subjecting computers and other devices able to access the Internet to monitoring, search and seizure is critical to preventing Goddard from viewing or obtaining child pornography, and requiring him to provide billing records is reasonably related to this objective. *Accord United States v. Jeremiah*, 493 F.3d 1042, 1046 (9th Cir. 2007) (monitoring finances permissible for defendant who failed to pay restitution). However, as a practical matter, that part of Condition 6 which requires Goddard to obtain prior approval before making any software modifications is both unworkable and overbroad. Software on any computer con-

---

**[4]**The version of the last sentence in the written judgment is enclosed in the first set of brackets. The orally-delivered version is in the second set of brackets. Although the parties dispute whether the oral version is ambiguous, it appears clear to us and clearly different from the written version. Therefore, the last sentence of Condition 7 in the written judgment is stricken, and the orally-delivered version is substituted.

nected to the Internet changes constantly. Broadly applied, the software modification portion of Condition 6 would prevent Goddard from using any computer at work without continually contacting his probation officer. This is more restrictive than necessary. Nevertheless, this portion of Condition 6 can reasonably be applied if construed not to condition routine or automatic software additions, deletions, upgrades, updates, installations, repairs, or other modifications on prior approval.

**[4]** Condition 7 is different. While there are ample reasons to restrain Goddard's use of computers, it is problematic to prohibit *all* use of a computer for *any* purpose outside of work. It is possible to interpret Condition 7 as doing this, for it allows Goddard to use computers "only within the scope of his employment" and states that "[t]he defendant shall not access a computer for any other purpose." Although we and other courts have upheld limitations on the use of computers and internet access without prior approval of the probation office, *see Rearden*, 349 F.3d at 621, we have never approved a total ban, and other courts have disapproved conditions precluding such use altogether. *See, e.g., United States v. Sofsky*, 287 F.3d 122, 126 (2d Cir. 2002) (condition prohibiting use of a computer or the Internet without prior approval of the probation office); *United States v. Freeman*, 316 F.3d 386, 391-92 (3d Cir. 2003) (condition forbidding either possession of computer or use of internet service without approval); *United States v. White*, 244 F.3d 1199, 1205-07 (10th Cir. 2001) (condition totally banning internet access). We need not decide how much is too much in this case, however, because Condition 7 does not have to be read as broadly as Goddard suggests it might be read. Rather, reasonably construed in context, Condition 7 means that *at work*, Goddard shall use computers and computer-related devices only within the scope of his employment. In other words, he is prohibited from using his work computer for personal purposes. Condition 5, on the other hand, governs — and permits — personal use of computers and computer-related devices as approved by the probation officer. We believe this construction com-

ports with the district court's overall intention, and with § 3583(d).

*Associational Conditions*

Conditions 16-19 limit where Goddard can work and live.

Condition 16 prohibits working in an environment that causes regular contact with persons under the age of 18,[5] Condition 17 precludes working for a company whose principle product involves materials depicting sexually explicit conduct,[6] and Condition 18 requires employment to be approved by the probation officer.[7] Goddard submits that the work restrictions are impermissible under § 5F1.5 of the Guidelines because there is no reasonable relationship between possessing child pornography and working in a warehouse, as he has in the past. He also submits they last too long, but we don't see how given that the term of supervised release is ten years. The government defends the conditions, pointing out that they do not prevent Goddard from doing his past work where he did not, and will not, regularly contact minors.

**[5]** Section 5F1.5 allows restrictions that prohibit a defendant from engaging in a specified occupation, business, or

---

[5]Condition 16 states: "The defendant shall not affiliate with, own, control, volunteer and/or be employed in any capacity by a business and/or organization that causes him/her to regularly contact persons under the age of 18."

[6]Condition 17 states: "The defendant shall not affiliate with, own, control, volunteer and/or be employed in any capacity by a business whose principal product is the production and/or selling of materials depicting and/or describing 'sexually explicit conduct,' as defined at 18 U.S.C. § 2256(2)."

[7]Condition 18 states: "The defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer. The defendant shall submit the name and address of the proposed employer to the Probation Officer at least 10 days prior to any scheduled change."

profession, or that limit the terms on which he may do so, if the court determines that there is a "reasonably direct relationship" between the defendant's work and the conduct relevant to the offense, and that the restriction is necessary to protect the public because, without it, the defendant will continue to engage in similar unlawful conduct. U.S.S.G. § 5F1.5. This standard for occupational restrictions applies on top of the criteria in § 3583(d). However, heightened scrutiny is not triggered here because Conditions 16-18 do not restrict Goddard's ability to work as a warehouse foreman, his occupation before he was convicted. *See United States v. Stoterau*, 524 F.3d 988, 1009 (9th Cir. 2008). Goddard's concern that minors might inadvertently walk into the warehouse portion of the building is misplaced, for the conditions have to do with regular, not accidental, contact with minors. Considering the goals of deterrence, rehabilitation, and protection of the public, the district court had discretion to impose Conditions 16 and 17, and did not plainly err in imposing Condition 18. They aim to keep Goddard, whose offense was possessing child pornography and who had previously been convicted of groping a teenage girl, from being around minors and being exposed to sexually explicit material.

[6] The district court properly exercised its discretion in requiring prior approval of Goddard's residence as well. Condition 19 is valid for essentially the same reasons as the work restrictions.[8] Goddard contends the condition is unnecessary because other conditions, which require him to register as a sex offender and restrict him from going to or working at places frequented by minors, already cover the concerns it addresses. However, prior approval of where he lives is reasonably related to deterrence, rehabilitation and protecting the

---

[8]Condition 19 states in pertinent part: "The defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer. The defendant shall submit the address of the proposed residence to the Probation Officer at least 10 days prior to any scheduled move."

public because it assists the probation officer in monitoring his proximity to minors, and in turn, keeping him away from them. *See United States v. Bee*, 162 F.3d 1232, 1235-36 (9th Cir. 1998) (requiring prior approval of probation officer before having contact with children or loitering near schools, parks, playgrounds, and the like that are primarily used by children under 18).

### *Mail Conditions*

**[7]** Condition 13 requires Goddard to obtain approval from the probation officer before using a post office box or receiving mail through a private carrier.[9] Goddard questions it on the ground that he did not use the mails when committing his offense, and there is no evidence that he ever used a post office box or private carrier for any improper purpose. However, we upheld a virtually identical condition in *Stoterau* against a similar challenge. 524 F.3d at 1008. Like Goddard, Stoterau had used the Internet to obtain child pornography, yet we found the mail restriction reasonably related to the goal of specific deterrence given that "mail and the Internet are both channels for the transmission of child pornography." *Id.* (citing *United States v. Fellows*, 157 F.3d 1197, 1199 (9th Cir. 1998) where the defendant received child pornography through the mail and the Internet). Further, we thought it reasonable to infer that people might choose to receive mail elsewhere to conceal their identity. 524 F.3d at 1008. And, we believed that the condition was not unnecessarily restrictive because it left the defendant free to access the mail through his residential address or through a post office box upon approval of his probation officer. *Id.* For the same reasons, and for the additional reason that it is rational to predict that Goddard might try to use the mail for the exchange of child

---

[9]Condition 13 states: "The defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall he/she open or maintain a post office box, without the prior approval of the Probation Officer."

pornography in the future in light of the restrictions imposed on his access to the Internet, we conclude that Condition 13 is reasonably related to the goals of his supervised release and imposes no greater a deprivation of liberty than is reasonably necessary to discourage him from obtaining child pornography.

### III

We hold that the district court did not abuse its discretion (or plainly err) in imposing Conditions 5, 13, 16, 17, 18, or 19.

We also conclude that Condition 6 which, as we construe it, does not condition routine or automatic software additions, deletions, upgrades, updates, installations, repairs, or other modifications on prior approval, is reasonable under § 3583(d). Similarly, Condition 7 comports with § 3583(d), as we interpret it to mean that *at work*, Goddard shall use computers and computer-related devices only within the scope of his employment.

Finally, finding it necessary to resolve differences between the oral sentence and the written judgment, we remand for the district court to change Conditions 7, 8, 12, 15, 17 and 19 as follows:

Condition 7 — Change the last sentence to read: "The defendant shall immediately report any change of employment to his probation officer."

Condition 8 — Strike: "including submission to risk assessment evaluation(s), and physiological testing, such as polygraph, plethysmograph, and Abel testing."

Condition 12 — Strike: "and/or describing"

Condition 15 — Strike: "/prior offense"

Condition 17 — Strike: "and/or describing"

Condition 19 — Strike: "The Court authorizes the Probation Officer to disclose the Presentence Report, and/or any previous sex offender or mental health evaluations or reports, to the treatment provider. The treatment provider may provide information (excluding the Presentence Report), to State or local social service agencies (such as the State of California, Department of Social Services), for the purpose of the client's rehabilitation.

The Court recommends that the Bureau of Prisons conduct a mental health evaluation of the defendant and provide all necessary treatment."

AFFIRMED IN PART; REMANDED IN PART.