**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-50571 |
| Plaintiff - Appellee, | D.C. No. CR-07-00200-RGK-1 |
| v. | |
| MICHAEL JOHN STOLTE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted December 11, 2009**
Pasadena, California

Before: HALL and SILVERMAN, Circuit Judges, and CONLON,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Suzanne B. Conlon, United States District Judge for
the Northern District of Illinois, sitting by designation.

Michael John Stolte appeals from the term of supervised release imposed following his guilty-plea conviction for receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, and vacate and remand in part.

Stolte first contends that the district court failed to adequately explain its reasons for imposing a lifetime term of supervised release. Although the district court did not expressly state its reasons for imposing a lifetime term of supervised release, the record reflects that the district court appropriately considered and rejected the arguments and evidence submitted by Stolte in support of this claim. *See United States v. Daniels*, 541 F.3d 915, 922 (9th Cir. 2008). Accordingly, the district court did not procedurally err. *See United States v. Carty*, 520 F.3d 984, 996 (9th Cir. 2008) (en banc).

Stolte also contends that the length of the term is substantively unreasonable. The district court was within its discretion to conclude that a lifetime term of supervised release was necessary to protect the public and to rehabilitate Stolte. The term was not substantively unreasonable under the circumstances. *See Daniels*, 541 F.3d at 923-24; *see also United States v. Cope*, 527 F.3d 944, 952 (9th Cir. 2008).

Stolte also contends that the district court's imposition of four special conditions of supervised release involve a greater deprivation of liberty than is

reasonably necessary to protect the public and prevent recidivism. The district court did not plainly err in imposing a special condition restricting Stolte's access to a computer without first obtaining prior approval, or in imposing a special condition allowing the probation officer to search his computer and monitor his computer usage. *See United States v. Goddard*, 537 F.3d 1087, 1090 (9th Cir. 2008); *United States v. Rearden*, 349 F.3d 608, 621 (9th Cir. 2003). These conditions are "construed not to condition routine or automatic software additions, deletions, upgrades, updates, installations, repairs, or other modifications on prior approval." *Goddard*, 537 F.3d at 1090-91. Accordingly, these special conditions are affirmed. However, the special conditions prohibiting Stolte from accessing via computer any material relating to child pornography, and prohibiting him from possessing any materials depicting and/or describing child pornography, are vacated and remanded for further consideration in light of recent authority. *See Cope*, 527 F.3d at 957-58.

Finally, as the government concedes, a special condition in the written judgment requiring Stolte to register as a sex offender in any state where he resides, is employed, carries on a vocation, or is a student, conflicts with the district court's more limited oral pronouncement of the condition at sentencing. We remand for the district court to change the written judgment to conform with

the oral pronouncement of this condition.  *See United States v. Allen*, 157 F.3d 661, 668 (9th Cir. 1998).

**AFFIRMED in part; VACATED and REMANDED in part.**