**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50218 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00894-SJO-1 |
| v. | |
| KIM N. POUNDS, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted February 2, 2010[**]
Pasadena, California

Before: KLEINFELD, WARDLAW and CALLAHAN, Circuit Judges.

Kim N. Pounds ("Pounds") appeals from a judgment of the district court in

which she was convicted of fifteen counts of mail fraud under 18 U.S.C. § 1341

and sentenced to a year and a day in prison, followed by five years of supervised

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

release.[1] She contends the district court abused its discretion and otherwise erred in its decisions extending from pretrial through sentencing. We affirm.

First, the district court did not abuse its discretion when it denied Pounds' motion *in limine* and permitted the admission of evidence of the loss amounts. *United States v. Reed*, 575 F.3d 900, 920 (9th Cir. 2009). The district court could reasonably conclude that evidence of the loss was relevant to prove the elements of mail fraud, was relevant to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," and was not unduly prejudicial. *See* Fed. R. of Evid. 401-404.

Second, it was not plain error for the district court to permit the government's statements about the loss amounts in closing argument as they were neither inconsistent with the government's prior statements nor unduly prejudicial and Pounds did not object to these statements before the district court. *United States v. Brown*, 327 F.3d 867, 871 (9th Cir. 2003).

Third, the district court did not abuse its discretion when it permitted Michael Kennedy to testify that someone who lived New Orleans but moved to California eleven months before Hurricane Katrina would not be eligible for

---

[1] The parties are familiar with the facts of this case and we repeat them here only as necessary.

2

FEMA disaster assistance. This testimony was rationally based on his perceptions as a FEMA employee, was helpful to determination of a fact in issue (the primary residence requirement) and was not based on specialized information within the scope of Rule 702. *United States v. Matsumaru*, 244 F.3d 1092, 1101-02 (9th Cir. 2001).

Fourth, the district court did not abuse its discretion when it admitted evidence of Pounds' other applications for FEMA disaster assistance and allegedly permitted the government to misuse that evidence. Pounds agreed to the introduction of this evidence with the limiting instruction and the district court could reasonably conclude that the government's use of the evidence was consistent with the limiting instruction.

Fifth, the district court did not commit plain error when it imposed an occupational restriction as a condition of Pounds' supervised release and Pounds did not object before the district court. *United States v. Vega*, 545 F.3d 743, 747 (9th Cir. 2008); *see also United States v. Goddard*, 537 F.3d 1087, 1091-92 (9th Cir. 2008). The condition, which prohibited her from obtaining any employment without prior approval of her Probation Officer, was based on her admitted drug use, as well as her homicidal and suicidal thoughts. It did not prevent her from

working in any particular occupation, was reasonably related to protecting the public, and was limited to the term of her supervised release.

Finally, because the written judgment did not directly conflict with the oral judgment, but rather clarified ambiguities, there is no need to remand with instructions that the district court conform the written judgment to the oral pronouncement of sentence. *Taylor v. Reno*, 164 F.3d 440, 445-47 (9th Cir. 1998).

**AFFIRMED.**