FILED

MAY 11 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GIRARD PAUL LEBLOND,

Defendant - Appellant.

No. 09-50140

D.C. No. 8:07-cr-00281-DOC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted May 6, 2010[**]
Pasadena, California

Before: CLIFTON and BYBEE, Circuit Judges, and KORMAN, District Judge.[***]

Girard Paul LeBlond appeals the sentence imposed by the district court

following his guilty plea to one count of possession of child pornography, in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Judge Edward Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

violation of 18 U.S.C. § 2252(a)(5)(B). LeBlond argues that the district court unreasonably imposed a lifetime term of supervised release and abused its discretion in imposing certain conditions of supervised release. We affirm the district court's sentence.

LeBlond first argues that the district court did not offer an adequate explanation of why a lifetime sentence was not greater than necessary. Such a statement was not necessary. We have held that "[t]he district court need not tick off each of the § 3553(a) factors to show that it has considered them." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Here, the district court's explanation of the lifetime term sentence "communicate[d] that the parties' arguments ha[d] been heard, and that a reasoned decision ha[d] been made." *Id.* Moreover, the district court's imposition of a lifetime term of supervision was not unreasonable. The statutory maximum term of supervision for an offense under 18 U.S.C. § 2252 is life, *see* 18 U.S.C. § 3583(k), and the Sentencing Guidelines recommend that the statutory maximum term be imposed. U.S.S.G. § 5D1.2(b). "A lifetime term of supervised release was warranted in order to ensure that [the defendant] does not relapse into his addictive behavior and again begin collecting child pornography. The district court was within its discretion to conclude that a

lifetime term of supervised release was necessary . . . ." *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008).

LeBlond next challenges conditions of his release. "Exactly what discretionary conditions are imposed on supervised release is left to the sentencing court, which has at its disposal all of the evidence, its own impressions of a defendant, and wide latitude to design supervised release conditions." *United States v. Williams*, 356 F.3d 1045, 1052 (9th Cir. 2004). LeBlond did not challenge the computer restrictions below, so we review the condition for plain error. *United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003). The district court did not plainly err because we have previously upheld similar computer restrictions. *See Rearden*, 349 F.3d at 621 ("We are persuaded that limiting [the defendant's] Internet access without prior approval of the Probation Office is reasonably related to the offense . . . ."); *United States v. Goddard*, 537 F.3d 1087, 1090 (9th Cir. 2008) ("Subjecting computers and other devices able to access the Internet to monitoring, search and seizure is critical to preventing [the defendant] from viewing or obtaining child pornography . . . .").

LeBlond next challenges the conditions limiting his access to minors. Because he challenged these below, we review the district court for abuse of discretion. *Williams*, 356 F.3d at 1052. We have held that the condition limiting

3

communication with minors is not an abuse of discretion. *United States v. Stoterau*, 524 F.3d 988, 1008 (9th Cir. 2008). We have upheld on plain error review the condition limiting LeBlond's ability to frequent or loiter within 100 feet of a place used primarily by children. *United States v. Bee*, 162 F.3d 1232, 1235-36 (9th Cir. 1998); *Rearden*, 349 F.3d at 620; *Daniels*, 541 F.3d at 928. On plain error review we have also upheld a condition preventing a person from living within sight of a place used primarily by children. *Daniels*, 541 F.3d at 928. Although that condition was arguably less restrictive than the condition forbidding LeBlond from residing within 2,000 feet of a place used primarily by children, he has offered no evidence that the condition in his case "involves [a] greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003) (quotation marks omitted). Because LeBlond admitted to having a long history of viewing child pornography, distributing child pornography to the undercover agent, holding a subscription to a child pornography website, possessing a thousand images of child pornography on his computers, and taking pictures of two girls with whom he had had physical contact, the district court did not abuse its discretion in imposing conditions limiting his access to minors. *See Daniels*, 541 F.3d at 928.

LeBlond challenges the condition limiting his employment to positions that do not require him to contact minors. Because LeBlond did not object to this condition below, we review the condition for plain error. *Rearden*, 349 F.3d at 618. In *Stoterau*, we upheld an identical employment restriction for a defendant who had been convicted of possessing child pornography. 524 F.3d at 1009-10. To the extent that LeBlond is limited in his occupation, the district court did not plainly err in determining that "a reasonably direct relationship existed between the defendant's occupation . . . and the conduct relevant to" his conviction. U.S.S.G. § 5F1.5(a)(1).

AFFIRMED.