**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10226 |
| Plaintiff - Appellee, | |
| v. | D.C. No. 2:11-cr-00241-WBS-1 |
| CHARLES RAY CLARK, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted August 15, 2013
San Francisco, California

Before: REINHARDT, GRABER, and HURWITZ, Circuit Judges.

Defendant Charles Ray Clark appeals from the district court's imposition of

lifetime supervised release and a special condition of supervised release, following

his conviction by guilty plea for possession of child pornography in violation of 18

U.S.C. § 2252(a)(4)(B). We affirm in part, vacate the sentence in part, and

remand.

_____

 * This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1. The district court did not err procedurally in imposing lifetime supervision. Clark's counsel specifically requested lifetime supervision. Moreover, the policy statement accompanying the Sentencing Guidelines recommends lifetime supervision for sex offenses, including possession of child pornography. U.S.S.G. § 5D1.2(b). When imposing a recommended sentence, a sentencing court need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). Here, the district court provided a reasoned basis sufficient to demonstrate that it had considered the parties' arguments and that it had exercised its authority properly.

2. The district court imposed an overbroad special condition of supervised release. See United States v. Goddard, 537 F.3d 1087, 1089 (9th Cir. 2008) (stating that the district court abused its discretion by imposing an overbroad special condition of release). Condition 6 provides:

> The defendant shall not possess, own, use, view, read, or frequent places with material depicting and/or describing sexually explicit conduct, including computer images, pictures, photographs, books, drawings, videos, or video games. "Sexually explicit conduct" as defined in 18 U.S.C. § 2256(2) means actual or simulated (a) sexual intercourse, including genital-genital, oral genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; (c)

2

masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.

The text of Condition 6 is overbroad because it deprives Defendant of more liberty than is reasonably necessary to fulfill the goals of his supervised release. Goddard, 537 F.3d at 1089. It prohibits him, for example, from attending a weekly movie at a multi-plex that also screens R-rated films (even if he sees a G-rated film) and from frequenting a local bookstore or gas station that contains an "adult" section.

Accordingly, we vacate Condition 6 and remand to the district court to alter the conditions of supervised release. 18 U.S.C. § 3583(e); see United States v. Cope, 527 F.3d 944, 957 (9th Cir. 2008) ("While we agree that an amendment to the condition would cure this [overbreadth], it is the district court that must alter the conditions of a defendant's supervised release."). On remand, the court may amend this condition to clarify that Defendant does not violate the terms of his probation through the possession, ownership, use, viewing, or reading of mere descriptions of sexually explicit conduct or by frequenting bookstores, gas stations,

3

movie theaters or other businesses that have a general business purpose, where sexually explicit material is incidental.[1]

**AFFIRMED in part, SENTENCE VACATED in part, and REMANDED.**

---

[1] Although the district court maintains full discretion to remove or amend Condition 6 on remand, a revision along the following lines could cure the constitutional overbreadth:

> The defendant shall not possess, own, use, or view, or frequent any place whose primary purpose is to sell, rent, show, display, or give other forms of access to, material depicting sexually explicit conduct, including computer images, pictures, photographs, drawings, videos, or video games. "Sexually explicit conduct" as defined in 18 U.S.C. § 2256(2) means actual or simulated (a) sexual intercourse, including genital-genital, oral genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.

Both parties advise the court that the revised version of Condition 6 would be acceptable to them.