

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10627 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00304-AWI-1 |
| v. |  |
| ERIC RODRIGUEZ, | MEMORANDUM* |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Submitted February 10, 2014**
San Francisco, California

Before: TALLMAN and RAWLINSON, Circuit Judges, and RICE, District
Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Thomas O. Rice, United States District Judge for the
Eastern District of Washington, sitting by designation.

Appellant Eric Rodriguez ("Rodriguez") appeals his sentence and two conditions of supervised release imposed by the district court following his guilty plea to receipt or distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

The district court did not abuse its discretion in imposing Rodriguez's 97-month sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). This below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See id.*

The district court did not abuse its discretion in granting Rodriguez an 11-month downward variance in order to avoid an unwarranted sentencing disparity between similarly situated offenders. The district court considered Rodriguez's request for an even greater downward variance, but found that Rodriguez's circumstances were "not necessarily exceptional" in relation to those of other offenders whom the district court had previously sentenced for similar conduct. We find no abuse of discretion in that determination.

Special Condition 7 provides that Rodriguez "shall have no contact with children under the age of 18 unless approved by the probation officer in advance." The parties ask us to vacate and remand pursuant to *United States v. Preston*, 706

F.3d 1106, 1123 (9th Cir. 2013), in which we held that a condition of supervised release prohibiting contact with "children under the age of 18" was unconstitutionally vague. While this appeal was pending, we voted to take the *Preston* case en banc and ordered that the three-judge panel opinion not be cited as precedent. *See United States v. Preston*, 727 F.3d 894 (9th Cir. 2013) (order granting rehearing en banc). We find no basis for remand in any other decision. Since Rodriguez does not have young children, his fundamental right of familial association is not implicated. *Cf. United States v. Wolf Child*, 699 F.3d 1082, 1092-95 (9th Cir. 2012). Accordingly, the district court was not required to specifically support its decision to impose this condition. Nor does this condition violate Rodriguez's right to due process for lack of a *mens rea* element. As we noted in *Wolf Child*, we presume that conditions of supervised release require a *knowing* violation. *Id.* at 1100 n.9; *see also United States v. Vega*, 545 F.3d 743, 750 (9th Cir. 2008) (construing prohibition on contact with gang members "consistent with well-established jurisprudence under which we presume prohibited criminal acts require an element of *mens rea*"). The district court did not plainly err in imposing this condition.

Both parties assert that Special Condition 9, which prohibits Rodriguez from "frequent[ing] places with material depicting and/or describing sexually explicit

conduct," is overbroad in that it deprives Rodriguez of more liberty than is reasonably necessary to fulfill the goals of his supervised release. *See United States v. Goddard*, 537 F.3d 1087, 1089-90 (9th Cir. 2008). Assuming *arguendo* that the condition is overbroad, Rodriguez has failed to establish plain error. Plain error requires "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Cotton*, 535 U.S. 625, 631 (2002) (internal quotation marks and alteration omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (alterations omitted). In the exercise of our discretion, we decline the parties' invitation to remand. Plain error review must be applied in a manner that promotes the underlying purposes of Federal Rule of Criminal Procedure 52(b)—to "encourage timely objections and reduce wasteful reversals" necessitated by unpreserved errors. *United States v. Domingez Benitez*, 542 U.S. 74, 82 (2004). Remand for modification of Special Condition 9 would not serve those purposes. In reaching this conclusion, we are mindful that Rodriguez remains free to pursue a modification of this condition in the district court pursuant to 18 U.S.C. § 3583(e)(2).

**AFFIRMED.**