NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. DANIEL LOPEZ, Defendant-Appellant. | No. 18-50019 18-50148 D.C. No. 5:14-cr-00045-VAP-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Submitted January 9, 2020[**]
Pasadena, California

Before: WATFORD, BENNETT, and LEE, Circuit Judges.

Daniel Lopez appeals from the district court's imposition of new and

modified supervised release conditions following Lopez's failure to comply with

previously imposed conditions and arrest for drug-related offenses. We affirm.

**1.** Lopez first argues that the court failed to afford him the opportunity to

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

allocute during his January 2018 sentencing hearing. *See* Fed. R. Crim. P. 32.1(c)(1). This argument is moot. In May 2018, following Lopez's arrest and failure to timely report to his probation officer, the court revoked the term of supervised release imposed in January 2018, annulling that term. *See United States v. Wing*, 682 F.3d 861, 868, 872 (9th Cir. 2012). The court then imposed a new term of supervised release that adopted Lopez's previous conditions with some modifications and additions. Before doing so, the court afforded Lopez an opportunity to allocute.

**2.** Lopez next raises substantive challenges to multiple conditions of supervised release. Because Lopez did not object below to most of the conditions he challenges now, we review the district court's imposition of most of them for plain error. *United States v. Jackson*, 697 F.3d 1141, 1144–45 (9th Cir. 2012).

Lopez first challenges Conditions 6 and 7. Condition 6 subjects Lopez's computer-related devices to unannounced searches and seizures, requires installation of monitoring software or hardware on those devices, bars Lopez from modifying hardware or software on those devices,[1] and bars Lopez from encrypting or hiding data without his probation officer's approval. Lopez must also furnish relevant billing records at his probation officer's request. Lopez's argument that

---

[1] We decline to read the modification bar as prohibiting routine or automatic updates, which might otherwise render the condition more restrictive than necessary. *See United States v. Goddard*, 537 F.3d 1087, 1090–91 (9th Cir. 2008).

Condition 6 is impermissibly vague for failing to specify precisely what monitoring technologies must be used fails. It is appropriate for a court to leave a probation officer the discretion to decide what surveillance hardware or software is appropriate, particularly in light of evolving technologies. *United States v. Quinzon*, 643 F.3d 1266, 1273–74 (9th Cir. 2011).

Condition 7 requires Lopez to comply with the rules of the "Computer Monitoring Program" and to pay the cost of the program, up to $32 per month per device connected to the internet. Lopez argues that Condition 7 is impermissibly vague for failing to specify what the "Computer Monitoring Program" is. But read in context, "Computer Monitoring Program" plainly refers to the monitoring regime described by Condition 6. The "Computer Monitoring Program" condition immediately follows Condition 6, the only condition of supervised release that describes a computer monitoring program of any kind.

Lopez also argues that Conditions 6 and 7 are overbroad. But given Lopez's background, monitoring his computer usage is reasonably related to deterrence and public safety. 18 U.S.C. §§ 3553(a), 3583(d); *see United States v. Weber*, 451 F.3d 552, 557–59 (9th Cir. 2006). Lopez was convicted of a child sex offense in 2013 and failed to register as a sex offender in 2014. Since then, Lopez has communicated with minors on his cell phone, may have had discussions about sex with minors, attempted to hide from his parole officer a computer tablet on which

he viewed live-cam pornography, and interacted with his girlfriend's five-year-old daughter without informing the mother of his prior offenses (which violated another condition of supervised release). Given this history, as well as the fact that this court has upheld similar conditions in child pornography cases, the district court did not plainly err in imposing Conditions 6 or 7. *See Quinzon*, 643 F.3d at 1271–73; *Goddard*, 537 F.3d at 1090–91; *United States v. Rearden*, 349 F.3d 608, 621 (9th Cir. 2003).

Lopez next challenges Condition 9, which bars him from possessing or viewing "any material such as videos, magazines, photographs, computer images or other matter that depicts 'actual sexually explicit conduct' involving adults as defined at 18 U.S.C. § 2257(h)(1)." Lopez argues that the condition imposes a greater deprivation of liberty than is necessary to satisfy the goals of supervision. But this court has upheld similar restrictions on defendants' access to adult pornography in cases involving child sex crimes and child pornography. *See United States v. Gnirke*, 775 F.3d 1155, 1161–63 (9th Cir. 2015) (child sex offense); *United States v. Daniels*, 541 F.3d 915, 927–28 (9th Cir. 2008) (child pornography); *Rearden*, 349 F.3d at 619–20 (child pornography); *United States v. Bee*, 162 F.3d 1232, 1234–35 (9th Cir. 1998) (child sex offense). The district court did not plainly err in imposing Condition 9. *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011).

Lopez also challenges Condition 12, which modified a prior condition of release that authorized Lopez to communicate with minors only in the presence of the minor's parent or legal guardian, and only after notifying the parent or legal guardian about Lopez's prior offenses. The court added a requirement that Lopez inform his probation officer within 24 hours of any contact with a minor and provide the officer with the parent's or legal guardian's contact information, "including name, telephone number, and any other identifying information." Lopez argues that the phrase "any other identifying information" is impermissibly vague, as it could mean height, weight, hair and eye color, or a description of scars and tattoos. The condition need not be read so broadly. In context, the condition refers to reasonable means by which Lopez's probation officer can contact parents or guardians of minors with whom Lopez interacts. Moreover, the condition is not overbroad, as Lopez argues, because it reasonably relates to the goals of supervised release. The condition safeguards parents' abilities to make informed decisions about letting Lopez near their children and helps Lopez's probation officer ensure that Lopez meets his disclosure responsibility, thereby deterring him from noncompliance.

Lopez's final challenge is to a condition of release requiring Lopez to wear a GPS tracking device, the imposition of which he argues we should review for abuse of discretion. Lopez argues that the condition involves a greater deprivation

of liberty than is necessary.  Regardless of whether we review for abuse of discretion or plain error, the district court did not err in imposing the GPS monitoring condition.  GPS monitoring aids compliance with many of Lopez's other conditions of release, each of which is reasonably related to deterrence and public safety.  For instance, Lopez may not frequent or loiter within 100 feet of school yards, parks, and other areas primarily used by minors.  GPS monitoring could reasonably deter Lopez from frequenting a banned area.  Additionally, GPS monitoring might reasonably deter Lopez from neglecting his duty to inform parents of minors with whom he comes into contact about his criminal history.  For instance, had Lopez been subject to location monitoring, his probation officer might have learned that Lopez regularly spent time at a home that was not his own (his girlfriend's house), followed up to see whether there were any children in that home (there were), and determined whether Lopez had complied with his disclosure responsibility (he had not).  Thus, GPS monitoring reasonably relates to the goals of supervised release.

**AFFIRMED.**