NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 4 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10515 |
| Plaintiff-Appellee, | 18-10082 |
| v. | D.C. No. |
| | 2:09-cr-00533-JAM-1 |
| DEANDRE LORNELL BROWN, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted January 8, 2020
San Francisco, California

Before: W. FLETCHER and FRIEDLAND, Circuit Judges, and HILLMAN,**
District Judge.

Defendant-Appellant Deandre Lornell Brown appeals from the district

court's imposition of a 360-month sentence, two computer-related special

conditions of supervised release, and restitution awards to two victims following

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Timothy Hillman, United States District Judge for the
District of Massachusetts, sitting by designation.

his convictions for conspiracy to commit sex trafficking of children or by force, fraud, and coercion; sex trafficking of children or by force, fraud, and coercion; and participating in a sex trafficking venture. For the following reasons, we affirm.

First, Brown argues that his 360-month sentence is procedurally and substantively unreasonable. He contends that the district court impermissibly treated Judge Damrell's original sentence and the guideline range as presumptively reasonable.[1] The record belies this characterization. Although Judge Mendez reached the same conclusions as Judge Damrell in many respects, he did so based on his own review of the evidence and the § 3553(a) factors, not any reliance on Judge Damrell's opinion as dispositive. Similarly, although Judge Mendez rendered a sentence within the guideline range, he did not treat that range as dispositive. To the contrary, Judge Mendez considered "each and every" § 3553(a) factor in depth before concluding that a 360-month sentence was appropriate.

Brown also asserts that the district court failed to adequately explain its reasons for imposing a 360-month sentence. The record belies this contention as well. As noted above, Judge Mendez considered the § 3553(a) factors in depth before rendering a sentence. In particular, he acknowledged the mitigating

---

[1] The parties dispute whether we should review these aspects of the sentencing for abuse of discretion or plain error. We need not decide which one controls because Brown's challenges fail under either standard.

evidence introduced by Brown, including his troubled childhood, his limited criminal history, and the need to avoid unwarranted sentence disparities. Judge Mendez determined, however, that while this evidence "might, under certain circumstances, warrant a variance," the "horrific" nature and circumstances of the offense compelled a sentence of 360 months here. Given this discussion, we find that the district court adequately explained its reasons for imposing a 360-month sentence.

Next, Brown argues that the district court plainly erred[2] in imposing two computer-related special conditions of supervised release. Special Condition 6 prohibits Brown from possessing or using "a computer or any device that has access to any 'on-line computer service' unless approved by the probation officer." Special Condition 8 provides for a probation officer to monitor Brown's computer use. Brown contends that the district court erred both procedurally and substantively. We decline to reverse, but we do adopt a narrowing construction of Special Condition 8.

We find no plain error in the imposition of Special Condition 6. Procedurally, Brown cites our requirement that, when conditions of supervised release implicate a "particularly significant liberty interest," district courts must

---

[2]     Brown did not object to imposition of these conditions during his resentencing hearing. We thus review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

make specific on-the-record findings supporting the conditions. *See United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012). Because we have not held that a complete ban on internet use implicates such an interest, any error was not "clear or obvious" procedural error. *See United States v. Gonzalez Becerra*, 784 F.3d 514, 518 (9th Cir. 2015) (quoting *United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003)). Substantively, Brown argues that these supervised release conditions are not reasonably related to his crime of conviction. Here, too, any error was not plain. We have approved similar bans where use of the internet was integral to the crime of conviction and "the offenses at issue involved child pornography or sexual abuse of minors." *See United States v. LaCoste*, 821 F.3d 1187, 1191 (9th Cir. 2016); *see also United States v. Goddard*, 537 F.3d 1087, 1091 (9th Cir. 2008); *United States v. Antelope*, 395 F.3d 1128, 1142 (9th Cir. 2005).

As to Special Condition 8, the Government has asked us to construe the condition to apply only to monitoring of Brown's use of the internet. The Government argues that, in context, including in light of the wording of Special Condition 6, it is clear this is what the district court meant. We accept this construction and thus hold that Special Condition 8 cannot be applied as to Brown's non-internet-related computer activities. A remand is unnecessary given

that the condition is susceptible to this limiting interpretation. *See United States v. Quinzon*, 643 F.3d 1266, 1272-75 (9th Cir. 2011).

Finally, Brown argues that the district erred in awarding restitution to A.A. and Q.M. We find no error. Although A.A. and Q.M. did not specifically request mental health counseling, each victim submitted a detailed impact statement explaining the psychological harm she had experienced as a result of Brown's crimes.[3] Given this evidence, the district court appropriately determined that Q.M. and A.A. were entitled to restitution for "the costs of necessary medical and related professional services . . . relating to . . . psychiatric, and psychological care," 18 U.S.C. § 3663A, and the amounts awarded were quite modest.

**AFFIRMED.**

---

[3]    We reject Brown's argument that the district court plainly erred in considering Q.M.'s impact statement, which was submitted in connection with the original sentencing hearing and not updated for the resentencing hearing, when it awarded restitution.