**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  21-10096 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-00058-SI-1 |
| v. | |
| CESAR AYALA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted February 7, 2022[**]
San Francisco, California

Before:  WARDLAW, IKUTA, and BADE, Circuit Judges.

Cesar Ayala appeals the district court's imposition of three supervised

release conditions after he pleaded guilty to one count of possessing child

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court did not abuse its discretion in imposing Special Condition 7 because that condition does not restrict Ayala's liberty to a greater extent than is necessary to rehabilitate Ayala and deter him from possessing child pornography. Given that Ayala stored thousands of child pornography images and dozens of child pornography videos across multiple devices, including two different cell phones, the district court reasonably concluded that a condition limiting Ayala's possession of electronic devices that can process or store child pornography to those approved by his probation officer "is reasonably necessary to discourage him from obtaining child pornography." *United States v. Goddard*, 537 F.3d 1087, 1093 (9th Cir. 2008).

We reject Ayala's argument that Special Condition 7 is overbroad because it is not limited to devices capable of accessing the internet, given that "even inexpensive electronic storage media today can store the equivalent of millions of pages of information." *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1175 (9th Cir. 2010) (en banc) (per curiam), *overruled in part on other grounds as recognized by Demaree v. Pederson*, 887 F.3d 870, 876 (9th Cir. 2018) (per curiam). Ayala's use of a device that lacked internet access (an external hard

drive) to store hundreds of images of child pornography, supports the reasonableness of Special Condition 7's scope.

We also reject Ayala's argument that Special Condition 7's reference to 18 U.S.C. § 1030(e)(1) renders the condition overbroad. We may "adopt a narrow construction of conditions of supervised release if they are readily susceptible to a limiting construction." *United States v. Ped*, 943 F.3d 427, 433 (9th Cir. 2019) (alteration and internal quotation marks omitted). Given that Special Condition 7 *includes* "cell phones" as an example of a device covered under § 1030(e)(1), and § 1030(e)(1) *excludes* "an automated typewriter or typesetter, a portable hand held calculator, or other similar device," the reference to § 1030(e)(1) in Special Condition 7, when construed in context, bars the use of devices akin to cell phones (*e.g.*, smart watches and tablets) that can be used to process or store child pornography, but does not bar the use of basic electronic devices akin to handheld calculators (*e.g.*, microwave ovens, refrigerators, and radios), which cannot access or store child pornography. Construed in that manner, the district court's imposition of Special Condition 7 "imposes no greater a deprivation of liberty than is reasonably necessary to discourage [Ayala] from obtaining child pornography," *Goddard*, 537 F.3d at 1093, and the district court therefore did not abuse its discretion, *see id.*

3

The district court did not abuse its discretion in imposing Special Condition 8. Like the substantially identical condition we upheld in *United States v. Rearden*, 349 F.3d 608, 620–21 (9th Cir. 2003), Special Condition 8 does not involve a greater deprivation of liberty than is reasonably necessary "because it is not absolute; rather, it allows for approval of appropriate online access by the Probation Office," *id.* at 621, and the probation officer stated in open court that once a particular device is approved and monitored, Ayala would be allowed to access the internet through that device without prior approval.[1] We reject Ayala's argument that the condition is overbroad because we have long held, in child pornography cases, that similar conditions requiring probation officer approval are permissible. *See, e.g.*, *id.* Therefore, Ayala's reliance on cases involving convictions for counterfeiting United States currency, *see United States v. Sales*, 476 F.3d 732, 734–35 (9th Cir. 2007), and securities fraud, *see United States v. LaCoste*, 821 F.3d 1187, 1189–90 (9th Cir. 2016), is misplaced.

---

[1] We reject Ayala's contention that *Rearden* "must be reassessed" in light of *Packingham v. North Carolina*, 137 S. Ct. 1730 (2017). As a three-judge panel, we are bound to follow circuit precedent unless, as relevant here, the reasoning of that precedent is "clearly irreconcilable" with the reasoning of an intervening Supreme Court decision. *Miller v. Gammie*, 335 F.3d 889, 892–93 (9th Cir. 2003) (en banc). *Rearden* and *Packingham* are not clearly irreconcilable.

Finally, the district court did not plainly err in imposing Special Condition 6.[2] The district court determined that Ayala's computer and internet activity must be monitored and specified how the activity would be monitored: pursuant to the probation office's Computer and Internet Monitoring Program (CIMP) and the Acceptable Use Contract (AUC). "[W]here the [district] court makes the determination of *whether* a defendant must abide by a condition, and *how . . .* a defendant will be subjected to the condition, it is permissible to delegate to the probation officer the details of where and when the condition will be satisfied." *United States v. Stephens*, 424 F.3d 876, 880 (9th Cir. 2005). Accordingly, the district court's delegation of the details of compliance monitoring to the probation office is not an impermissible delegation of authority.

We also reject Ayala's challenges to specific provisions of the CIMP and AUC. All but one of the provisions Ayala challenges are no longer part of the CIMP and AUC. The only remaining provision Ayala challenges prohibits him from accessing online pornography without his probation officer's approval, and we have previously upheld a substantially similar provision after construing it to

---

[2] Ayala failed to object to Special Condition 6 or any provision of the Acceptable Use Contract in district court. Therefore, we reject his argument that plain error review does not apply to his challenges to Special Condition 6 because he raised similar challenges in district court in connection with Special Condition 8.

avoid a greater deprivation of liberty than is necessary. *See United States v. Gnirke*, 775 F.3d 1155, 1165–66 (9th Cir. 2015). Consistent with *Gnirke*, we construe the provision narrowly as applying to (1) "any materials with depictions of 'sexually explicit conduct' involving children, as defined by 18 U.S.C. § 2256(2)," and (2) "any materials with depictions of 'sexually explicit conduct' involving adults, defined as explicit sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by [Ayala's] probation officer." *Id.* at 1166. That construction is "in line with what the district court clearly intended," *id.*, because the original AUC prohibited Ayala from accessing online pornography without permission from his probation officer, and the district court included compliance with the AUC as a condition of supervised release in the final judgment, and expressly referenced the AUC during its oral pronouncement of judgment. So construed, the provision is appropriate.

**AFFIRMED.**