**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ANTONIO AVINA, AKA Guero Moniker, AKA Antonio Avina, AKA Huero Moniker, AKA Antonio Avina Jr., AKA Antonio Avina-Largosa,<br><br>Defendant - Appellant. | No. 23-728<br><br>D.C. No. 2:22-cr-00385-SVW-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted June 3, 2024[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: M. SMITH and BADE, Circuit Judges, and FITZWATER,*** District Judge.

Antonio Avina, Jr., appeals the 84-month sentence imposed by the district court after he pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Avina challenges both the procedural and substantive reasonableness of his sentence. We have jurisdiction under 28 U.S.C. § 1291 and, subject to a limited remand to enable the district court to conform the written judgment to the orally pronounced sentence, we AFFIRM.

1. We review sentencing decisions for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). When a defendant does not object to procedural issues at the time of sentencing, we review for plain error. *United States v. Doe*, 705 F.3d 1134, 1153 (9th Cir. 2013). Our review of a sentence is bipartite: "we first consider whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence." *Carty*, 520 F.3d at 993. A district court commits procedural error when it "fail[s] to consider the [18 U.S.C.] § 3553(a) factors; . . . choose[s] a sentence based on clearly erroneous facts; or . . . fail[s] adequately to explain the sentence selected, including any deviation from the Guidelines range." *Id.* "In determining substantive reasonableness, we are to

***　　The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

2

consider the totality of the circumstances, including the degree of variance for a sentence imposed outside the Guidelines range." *Id.* "For a non-Guidelines sentence, we are to 'give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

2. Avina's sentence was not procedurally unreasonable. The district court correctly applied the preponderance of the evidence standard in determining that the U.S.S.G. § 2K2.1(b)(6)(B) enhancement applied. *See generally United States v. Lucas*, 101 F.4th 1158 (9th Cir. 2024) (en banc). And the district court did not abuse its discretion in applying the enhancement because the record supports the inference that Avina used or possessed a weapon in connection with another felony offense: attempted second degree robbery. The presentence report, the police report of the incident, and the transcript of victim F.G.'s police interview each support that Avina demanded money from F.G. and verbally and physically attacked her while carrying a loaded gun.

We review the remaining procedural issues for plain error because Avina did not object at the time of sentencing. *See Doe*, 705 F.3d at 1153. The district court did not plainly err in sentencing Avina based on findings that the "crimes he has committed involve violence," that he committed "gang related crimes," and that he

3

showed a "likelihood of continuing to commit crimes." Avina was previously convicted of the violent felony offense of second degree robbery, and the court had discretion to conclude that he committed the instant offense in connection with attempted second degree robbery. Avina's 2011 conviction was undisputedly gang-related, and the district court was within its discretion to conclude that the instant offense was also gang-related because Avina demanded "rent" from a local business and the recommended supervised release conditions included gang conditions. The district court was within its discretion to find, based on Avina's criminal history, that he is likely to continue committing crimes. The presentence report reflects his numerous prior convictions and even more numerous parole revocations, and he was found guilty of prison disciplinary violations during each of his prior terms of imprisonment for felony convictions.

The district court also adequately explained both its chosen sentence and its rejection of specific, nonfrivolous defense arguments. It expressly noted its reliance on the Guidelines and the § 3553(a) factors and explicitly addressed the mitigating factor of Avina's difficult childhood. The district court did not plainly err because it was not obligated to discuss the parties' evidence or arguments in greater detail. *See, e.g.*, *United States v. Musa*, 220 F.3d 1096, 1101 (9th Cir. 2000).

4

3. Avina has not demonstrated that his sentence is substantively unreasonable. He has not pointed to evidence that his sentence is out of step with those of similarly situated defendants. *See* 18 U.S.C. § 3553(a)(6). And although the sentence is above the advisory Guidelines range, "the record as a whole reflects [the district court's] rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc) (citation and internal quotation marks omitted). The district court, after considering all of the evidence offered in mitigation, properly relied on Avina's long criminal history, including violent and gang-related crimes, to conclude that the sentence was justified based on the seriousness of those offenses and the need to promote respect for the law, deter Avina from further criminal conduct, and protect the public from Avina.

4. The parties agree that the written judgment contains additional restrictions that were not included in the orally pronounced sentence and that a limited remand is necessary. We therefore remand for the district court to conform the written judgment to the exact terms of the orally pronounced sentence. *See United States v. Goddard*, 537 F.3d 1087, 1093 (9th Cir. 2008).

**AFFIRMED. Limited REMAND.**